In re MARION AUTO PARTS
COMPANY, INC., Debtor.

MARION AUTO PARTS COMPANY,
INC., Plaintiff,

v.

UNITED STATES INTERNAL
REVENUE SERVICE

and

James E. Nunley, Disbursing
Agent, Defendants.

Bankruptcy No. 76–221A.

United States Bankruptcy Court,
W. D. Virginia,
Abingdon Division.

Feb. 12, 1980.

**664**

D. Burke Graybeal, Marion, Va., for plaintiff.

Robert S. Stubbs, U. S. Atty., Roanoke, Va., for defendant.

James E. Nunley, Bristol, Va., Josh Hall, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., for disbursing agent.

MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

Marion Auto Parts Co., Inc. (Debtor) filed a petition in this Court on October 6, 1976 seeking an arrangement with its creditors under Chapter XI of the *Bankruptcy Act.* One Donald D. Jones offered to purchase the stock of the Debtor for the sum of $35,000.00. This offer was incorporated in a plan of the Debtor proposed to its creditors, accepted by them, and subsequently confirmed by the Court. A Disbursing Agent was duly appointed, who received the funds payable under the plan and made disbursements thereof in accordance with the Orders of this Court.

By Order entered on May 23, 1978, the Disbursing Agent was directed to make payment of the items set forth in the Order, among which were administrative expenses, administrative claims incurred during the pendency of the Chapter XI case and claims entitled to priority.

The priority claims consisted of Internal Revenue Service taxes, rent, wages, local taxes due Treasurer of Smyth County, as well as the Virginia Department of Taxation. These priority claims totaled $23,-435.74.

After the foregoing payments were made, the sum of $11,447.55 constituting 18.41% of claims of general creditors was accordingly disbursed to them in payment upon their claims as provided under the plan.

To insure proper disbursement to priority claims by the Disbursing Agent, a Clerk of this Court called the Internal Revenue Service requesting advice as to Internal Revenue Service taxes, and by letter of November 23, 1977, wrote the Disbursing Agent that the said Clerk had received a letter from Internal Revenue Service stating "there will be no further claim in behalf of IRS in this case." Thereafter, the said disbursements were made.

On January 14, 1977, the Order of Confirmation entered contained the discharge provision provided for under Section 17 (11 U.S.C. Section 35): "that the debtor is hereby released and discharged from all dischargeable debts . . .".

Thereafter, IRS notified the Debtor Corporation of additional liability for pre-petition penalties and post-petition interest on tax claims in the sum of approximately $3,000.00. Upon being so advised, the Debtor filed its Complaint herein against the United States Internal Revenue Service seeking a determination of the liability of the asserted claims by the Debtor.

The Counsel for the Debtor and the United States Attorney have filed briefs herein with authorities which the Court has maturely considered.

In essence, Counsel for the Debtor contends that the liabilities should have been paid under the debtor proceeding, and further, the representations of the Internal Revenue Service that nothing further would be claimed should estop the enforcement thereof.

■ Tax claims are payable without penalty and with interest to the date of the petition ahead of other creditors not having priority. See Section 57 of the *Bankruptcy Act* (11 U.S.C. Section 93.)

The question of the collectibility of the asserted penalties and interest has apparently been put to rest in the decision of *Bruning v. U. S.,* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964). The factual situation in *Bruning* was essentially the same as the case here. In this decision, the Supreme Court held that although the Congress had provided that penalties and post-petition interest were not payable to the Government ahead of unsecured creditors and, thereby diminishing their recovery, nevertheless, such liabilities were collectible after Bankruptcy from the Debtor and were not discharged.

■ The debtor, Marion Auto Parts Co., Inc., remains primarily liable for taxes and interest on taxes even after the discharge in bankruptcy. *See Bruning v. U. S., supra* at 360, 84 S.Ct. 907. Section 17 of the *Bankruptcy Act,* (11 U.S.C. § 35), provides in relevant part:

A discharge in bankruptcy shall release a bankrupt from all his provable debts, whether allowable in full or in part, except such as (1) are due as a tax levied by the United States.

The corollary section in Chapter XI is Section 371, which reads as follows:

"The confirmation of an arrangement shall discharge a debtor from all his unsecured debts and liabilities provided for by the arrangement, except as provided in the arrangement or the order confirming the arrangement, but excluding such debts as, under section 17 of this Act, are not dischargeable."

Neither Section 17 nor 371 permit the Debtor to be relieved of tax liability which remains undischarged. Section 17 provides very limited instances in which tax liabilities are dischargeable, none of which prevail here, and accordingly, the liability remains outstanding if in fact, properly assessed, which fact this Court has not been called upon to determine, and the validity of the assessment is not in issue.

Having held that the tax liability remains due and owing by the Debtor, the remaining question for consideration is the issue raised by the Debtor being that of estoppel.

■ It is the general rule that in the exercise of governmental powers and functions, conduct working an estoppel on the part of agents and officers may not be asserted against the United States—as for instance, in the assessment and collection of revenues. 1 A.L.R.2d 338, 341 *Annot., Estoppel and Waiver* citing *Elrod Slug Casting Mach. Co. v. O'Malley,* 57 F.Supp. 915 (D.C.Neb.1944). The doctrine of estoppel does not bar correction by the Commissioner of Revenue of a mistake of law. *Dixon v. U. S.,* 333 F.2d 1016 (2nd Cir. 1964), aff'd 381 U.S. 68, 85 S.Ct. 1301, 14 L.Ed.2d 223 (1965). Even where an agent of the IRS assured that the taxpayer could conduct operation of a pinball machine prior to tax payment, the court held that the government, was not estopped to deny its actions. *U. S. v. Bally Pinball,* 231 F.Supp. 871 (E.D. S.C.1964). In the instant case, the government is not barred from collecting its rightful penalties and interest merely because a revenue officer advised the chief clerk that "As far as I can determine, a proof of claim has been filed for all delinquent tax of the Corporation." (*See* letter from Revenue Officer Ralph W. Foster to Chief Clerk Diana Woods dated November 18, 1977.)

The question of estoppel in the case involving the U.S. Government, especially the IRS, involves the distinction between proprietary and governmental functions. In *Elrod Slug Casting Machinery Co., supra* at 920, the court stated:

" . . . it is perhaps not necessary to notice the contention of the plaintiff that the defendant is estopped from questioning the valuation since it was arrived at by its agent, and was accepted and to all intents and purposes approved for a number of years by the department. The contention of the plaintiff in this respect is without foundation in the law. While it is true that the defense of . . .

estoppel may be made sparingly, and in some respects, against the government in transactions involving its proprietary functions, still where the government acts in a governmental function, . . conduct working an estoppel on the part of its agents and officers may not be asserted against the government. The remedy, if any exists, must be presumed against such officers or agents for their remiss. The assessment and collection of revenues is a governmental function, and the doctrine of estoppel has no place here."

We cannot elaborate further than that just stated other than to quote from 1 A.L. R.2d 338, 340 *Annot.,* "Estoppel":

"As a general rule the doctrine of estoppel will not be applied against the . . United States government . . . where the application of that doctrine would encroach upon the sovereignty of the government and interfere with the proper discharge of governmental duties, and with the functioning of the government, or curtail the exercise of its police power; . . . or where the public revenues are involved." (citing *Elrod, supra,* and *People v. Illinois Women's Athletic Club,* 360 Ill. 577, 196 N.E. 881 (1935).

■ The United States is neither bound nor estopped by the representations made by an agent acting without authority to bind the government in the transaction. *U. S. v. Zorger,* 407 F.Supp. 25 (D.C.Pa.1969). *In Bay Sound Transportation Co. v. U. S.,* 410 F.2d 505 (5th Cir. 1969), cert. den. 396 U.S. 928, 90 S.Ct. 263, 24 L.Ed.2d 226 (1970) taxpayers had been told by an agent of the IRS that its 7 year "useful life" estimate would be an acceptable one. But the court disagreed, pointing out that Treasury Regulations which had been issued provided the method for concluding a formal agreement with the government on the question of useful life for future depreciation. The agent's "approval" of taxpayer's 7 year "useful life" estimate was not arrived at in accordance with the requirements of the Regulations. The court's reasoning that the government was not estopped to deny the useful life estimate turned on the authority of the IRS agent. The court stated that the agent's lack of authority was critical, and that even assuming that the alleged assurances were given by the agent, the statements were unauthorized and the government would not be estopped by the unauthorized statements of its agents.

Similarly, misinformation from an Army officer as to claimant's having sufficient service to receive retirement pay was held not to estop the government in *Montilla v. U. S.,* 457 F.2d 978, 198 Ct.Cl. 48 (1972). The court stated that while it was true that the government could be estopped by the acts and conduct of its agents where they were duly authorized and acting within the scope of their authority and in accordance with their vested authority, the court admitted that it did not know of any case where an officer or agent of the government had estopped the government from enforcing a law passed by Congress. In the instant case, a specific statutory authorization precludes discharge of all taxes legally due and owing to the United States within three years of bankruptcy. *See* 11 U.S.C. § 35(a).

■ Although debtor may have reasonably, in good faith, relied upon the assertions of the Revenue Officer as agent for the IRS, nevertheless, this cannot relieve Debtor of the tax liability. Those dealing with agents of the government must be held to have notice of limitations of their authority, even though there may be recognized exceptions to the rule. 27 A.L.R.Fed. § 5, Annot., "Estoppel". The Debtor is also deemed to have been on notice of § 6873 Internal Revenue Code 1954 which provides:

"Any portion of a claim for taxes allowed in . . . any proceeding under the Bankruptcy Act which is unpaid shall be paid by the taxpayer upon notice and demand from the Secretary or his delegate after the termination of such proceeding." See *Bruning v. U. S.* (supra).

It is accordingly

**ADJUDGED AND ORDERED**

that the tax liability in question is undischarged, due and owing and collectible by such process available to the Internal Revenue Service in such cases made and provided.