In re Dennis O. PUTNAM, Nona
M. Putnam, Debtors.

Dennis O. PUTNAM, et ux., Plaintiffs,

v.

UNITED STATES of America/I.R.S.,
Defendant.

Bankruptcy No. 7–89–01525–BKC–HPR.
Adv. No. 7–90–00067.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

March 26, 1991.

Jonathan M. Apgar, Damico & Apgar,
Roanoke, Va., for debtors/plaintiffs.

Joseph W.H. Mott, Assistant U.S. Atty.,
Roanoke, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Chief Judge.

The issue before the court is whether the Internal Revenue Service ("IRS"), the defendant, is entitled to the interest and penalties asserted on its proof of claim filed in this case. The parties have stipulated the facts.

The debtors previously filed a Chapter 13 petition in this Court on November 23, 1982. The debtors at that time did not object to the claim of the IRS filed therein. Debtors made payments through their Plan to the IRS during the previous case in the total amount of $7,033.00. On April 5, 1988 the debtors received a discharge in the previous case pursuant to 11 U.S.C. § 1328(b).

Debtors subsequently filed this second Chapter 13 petition on August 22, 1989. The IRS filed its proof of claim herein in the sum of $12,499.90. The claim is for $1,187.44 WT–FICA for the last calendar quarter of 1983, $475.27 penalty, $1,274.94 interest; $140.16 for FUTA for 1983, $77.09 penalty, $127.61 interest; $515.93 penalty for WT–FICA for second calendar quarter of 1983, $1,631.51 interest for WT–FICA for the second calendar quarter of 1983; and $254.63 federal income tax for 1981, $1,293.91 penalty and $5,521.41 interest. The debtors make no claim that the amount of tax shown on the IRS proof of claim is incorrect.

Debtors contend in their memoranda that the payments in the previous Chapter 13 and various credits went only to pay the 1983 FICA and FUTA and 1981 1040 tax; and, therefore, debtors paid enough in the previous Chapter 13 to satisfy their liabilities. However, the debtors' previous Chapter 13 payments were applied to satisfy numerous federal tax liabilities for periods other than those at issue in this matter.

As stipulated in Paragraph 4 of the Stipulations of Fact, much of the $7,033.00 in total payments and at least some credits (stipulation paragraph 8) were applied to unpaid federal income tax liabilities for the tax years 1976 through 1980.

The debtors contend they should not be liable for post-petition (meaning after the petition in the prior case) interest and penalties assessed on the proof of claim filed in this case. The post-petition interest and penalties claimed in this case are those which accrued after the filing of the petition in the prior case and which were calculated and claimed when the debtors received a discharge therein but had not fully paid their non-dischargeable tax liabilities. Debtors argue it is inherently inequitable for them to pay considerable monies to relieve their tax indebtedness pursuant to 11 U.S.C. § 1322(a)(2) only to have penalties and interest at the conclusion of the Chapter 13 exceed the original claim.

The debtors did not receive a discharge for the 1983 FICA and FUTA tax liabilities or for the 1981 income tax liability in their prior case. Section 1328(c)(2) provides that a discharge granted under subsection (b) discharges the debtor from all unsecured debts except any debt of a kind specified in section 523(a). Section 523(a) excepts from discharge those taxes entitled to priority under section 507(a)(7). The taxes asserted on the IRS's claim are taxes which were entitled to priority in the prior case and which were specifically excepted from discharge. 11 U.S.C. § 507(a)(7).

The interest which accrues on these taxes is an integral part of the underlying tax claim and is generally treated the same as the underlying claims. *In re Hanna*, 872 F.2d 829, 831 (8th Cir.1989). In *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), the Supreme Court stated, "the instant case concerns the debtor's personal liability for post-petition interest on a debt for taxes which survives bankruptcy to the extent that it is not paid out of the estate." *Id.* at 362, 84 S.Ct. at 908. Likewise, this case involves the debtors' personal liability for post-petition interest and penalties for taxes which survived bankruptcy because they were non-dischargeable and the tax debts were not fully paid out of the estate in the previous case. *Bruning*, while decided under the Bankruptcy Act, is still applicable under the Code. *In re Hanna*, 872 F.2d 829 (8th Cir.1989); *In re Cline*, 100 B.R. 660, 663 (Bankr.W.D.N.Y.1989); *In re Woodward*, 113 B.R. 680, 684 (Bankr.D.Or. 1990). In *Bruning*, which is controlling in this matter, the Court held that post-petition interest on an unpaid tax debt is not discharged and remains a personal liability of the debtor. The penalties attributable to the underlying tax are non-dischargeable because the underlying tax liability is non-dischargeable. *In re Hanna*, 872 F.2d 829, 832 (8th Cir.1989); 3 *Collier on Bankruptcy* 523.06 (15th ed.). *See In re Marion Auto Parts, etc.*, 12 B.R. 663 (W.D.Va. 1980).

For the reasons stated, the claim of IRS is allowed as filed. So ORDERED.