822 F.2d 902
 16 Bankr.Ct.Dec. 496, Bankr. L. Rep. P 71,917
 In re John T. LANSFORD and Cecily S. Lansford, Debtors.
La TRATTORIA, INC., Appellant,
v.
John T. LANSFORD and Cecily S. Lansford, Appellees.
John T. LANSFORD, Cross-Appellant,
v.
La TRATTORIA, INC., Cross-Appellee.
 Nos. 86-2586, 86-2587.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 13, 1987.
Decided July 22, 1987.
 
 James F. Polese, Phoenix, Ariz., for appellant/cross-appellee.
 Michael W. Carmel, Phoenix, Ariz., for appellees/cross-appellant.
 Appeal from a decision of the Bankruptcy Appellate Panel; Elliott, Abrahams & Ashland, District Judges, Presiding.
 Before WALLACE and KENNEDY, Circuit Judges, and KELLEHER,* District Judge.
 KENNEDY, Circuit Judge:
 
 
 1
 This is an appeal from a decision of the Bankruptcy Appellate Panel (the Panel). The Panel affirmed the trial court's decision that debtor John Lansford could not be discharged from a debt because of his fraud; but it reversed as to his wife Cecily, holding she was entitled to a discharge from the debt because she did not participate in or ratify her husband's misconduct. Because we think the trial court did not commit clear error in finding against both defendants, we affirm the Panel's decision with respect to John Lansford, but reverse with respect to Cecily Lansford.
 
 
 2
 John and Cecily Lansford purchased a restaurant from La Trattoria, Inc. in January 1983. The deal was made after John Lansford submitted a financial statement prepared to allay La Trattoria's fears about his financial condition. The financial statement contained material misrepresentations about Lansford's financial condition, listing as assets property he did not own or that did not exist, and misstating the value of a real estate project in which the Lansfords had a substantial interest. When the Lansfords declared bankruptcy in August of 1983, they owed a $235,000 unsecured debt to La Trattoria.
 
 
 3
 La Trattoria sought a declaration in the bankruptcy court that the Lansfords' debt could not be discharged in bankruptcy because of the fraudulent financial statement. In the Joint Pretrial Statement submitted to the bankruptcy court, the parties stated that the issues to be resolved at trial were whether the financial statement was materially false, whether La Trattoria relied upon it, whether the reliance was reasonable, whether the defendants used false pretenses, false representations, or actual fraud, and whether the defendants provided information with intent to deceive. The joint statement did not alert the court to the possibility that an adverse decision with regard to one defendant might not apply to the other defendant. Rather it seemed to contemplate that both defendants would stand or fall on the basis of the court's decisions with regard to the financial statement.
 
 
 4
 The trial court found in favor of La Trattoria, holding that the misrepresentations were material, that La Trattoria reasonably relied on them, and that they were made with intent to deceive. The Lansfords then appealed to the Bankruptcy Appellate Panel, which affirmed with respect to John Lansford, concluding that La Trattoria was justified in relying on the financial statement. The Panel reversed with respect to Cecily Lansford, holding that John Lansford did not act as her agent in submitting the false financial statement, and that she was not shown to have known about or participated in its preparation. In summation, the Panel expressed its reluctance "to impose a $269,000 plus nondischargeable judgment upon a woman merely because she happens to be married to a man who commits a fraudulent act absent some evidence of knowledge or connivance on her part."11 U.S.C. Sec. 523 sets out exceptions to the general rule that debts may be discharged in bankruptcy. Among the exceptions listed by that section is a provision stating that a debtor is not entitled to discharge any debt for money, property, services, or credit to the extent that the debt was obtained by "use of a statement in writing--(i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive." 11 U.S.C. Sec. 523(a)(2)(B). The burden is on the creditor to establish that each of the statutory prerequisites is met. In re Taylor, 514 F.2d 1370, 1373 (9th Cir.1975).
 
 
 5
 We review the trial court's determinations of fact for clear error. See id. Whether the misrepresentations were material under the circumstances, whether there was reasonable reliance, and whether there was intent to deceive are issues of fact. See In re Nelson, 561 F.2d 1342, 1347 (9th Cir.1977). Determinations of law by the trial court and the Bankruptcy Appellate Panel are reviewed de novo. See In re Cecchini, 780 F.2d 1440, 1443 (9th Cir.1986).
 
 
 6
 There is no clear error in the findings supporting the decision that John Lansford may not discharge his debt to La Trattoria. The finding of materiality is supported by the multiple misrepresentations contained in the financial statement as to assets and their value, such as the listing of $115,000 of nonexistent accounts receivable. In light of these misrepresentations, the trial court did not commit clear error in finding intent to deceive, notwithstanding John Lansford's testimony that he did not intend to deceive La Trattoria. See In re Nelson, 561 F.2d at 1347.
 
 
 7
 We cannot credit Lansford's argument that La Trattoria's reliance on the financial statement was unreasonable because of its failure to verify the information in the financial statement. The financial statement was given in response to La Trattoria's stated desire to deal with a financially secure buyer. Having intentionally misled the sellers in an area he knew was important to them, it is unseemly for Lansford now to argue that he should be excused from section 523 because the sellers believed him. In any event, assuming that there was a duty to investigate, see Kentile Floors, Inc. v. Winham, 440 F.2d 1128, 1131-32 (9th Cir.1971), La Trattoria did take steps to verify the Lansfords' financial status, including a check of property records and a visit to the real estate project of which the Lansfords were purportedly partial owners. Although these measures were ultimately insufficient to uncover the fraud, they were certainly reasonable under the circumstances.
 
 
 8
 We come now to the issue on which the trial court and the Panel were split, i.e. the findings with regard to Cecily Lansford. Until the case reached the Panel, nobody involved in the case differentiated between John and Cecily Lansford. The Joint Pretrial Statement treated the defendants together, and at no time did the attorney representing Mrs. Lansford ask the bankruptcy court to treat her separately. It is no wonder, then, that the Panel found the record sparse when it began to search about for evidence concerning Mrs. Lansford's separate involvement in the preparation of the false financial statement.
 
 
 9
 Were the record devoid of evidence from which to infer that Cecily Lansford was in some way culpably responsible for the fraudulent financial statement, we would be faced with the difficult legal issue of whether her debt would nevertheless be non-dischargeable by virtue of principles of agency. In In re Cecchini, 780 F.2d 1440 (9th Cir.1986), this court cited basic partnership law to hold that a business partner's debt was non-dischargeable because he had "participated in the benefits" of his partner's misconduct, which had been undertaken on behalf of the partnership and in the ordinary course of business. Id. at 1444. Were we to rely on strict agency or partnership principles, we might be forced to conclude that Cecily Lansford's debt is non-dischargeable regardless of her knowledge of the fraud or her own culpability. In light of the bankruptcy code's purpose of providing a fresh start, see Gleason v. Thaw, 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915), and the decisions of other circuits refusing to apply agency principles absent some culpability on the part of the party to be charged, see In re Walker, 726 F.2d 452, 454 (8th Cir.1984) (per curiam); In re Bardwell, 610 F.2d 228, 229 (5th Cir.1980) (per curiam); David v. Annapolis Banking & Trust Co., 209 F.2d 343, 344 (4th Cir.1953); In re Lovich, 117 F.2d 612, 614-15 (2d Cir.1941), we believe the breadth of the proposition stated in Cecchini deserves more thorough consideration before its application to the circumstances presented in this case.
 
 
 10
 We do not believe this is an appropriate case for such a discussion, however, for the record fairly discloses evidence to support the trial court's findings based on actions of Cecily Lansford herself. Given that we do not find clear error in the findings made by the trial court, it is unnecessary for us to consider whether the Cecchini decision could sustain the trial court's result.
 
 
 11
 We think the record is not barren of evidence connecting Cecily Lansford to the financial statement and the deception of La Trattoria. The Joint Pretrial Statement recites that both defendants had a hand in initiating discussions with La Trattoria, even if through John Lansford. The record also discloses that Cecily Lansford was the one who discovered the possible restaurant venture, and that she was a signatory on the financing arrangement of the real estate project that went into default, the status of which was misrepresented to La Trattoria. Finally, she signed the purchase documents transferring the restaurant from La Trattoria to the Lansfords, which documents repeat one of the more egregious misrepresentations contained in the financial statement. This evidence is far from overwhelming, but it leaves us satisfied that there was no clear error in the trial court's finding that both defendants bore responsibility for the false and misleading financial statement.
 
 
 12
 To the extent that the record is sparse, the Lansfords bear the lion's share of the blame. In civil jury trials, the sufficiency of the evidence may not be challenged on appeal, as the Lansfords have done, unless the trial court is made aware of the claim of insufficiency by a motion for a directed verdict under Rule 50 of the Federal Rules of Civil Procedure. See, e.g., Zimmerman v. Emmons, 225 F.2d 97, 99 (9th Cir.1955), cert. denied, 350 U.S. 932, 76 S.Ct. 302, 100 L.Ed.2d 814 (1956); 9 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2536, at 593 (1971). Although Rule 50 does not apply in bankruptcy proceedings, there is still a general presumption that issues not raised below will not be raised on appeal. See In re Southland Supply, Inc., 657 F.2d 1076, 1079 (9th Cir.1981). Based on this general presumption, we think the Lansfords should have called to the trial court's attention any variance of proof that allegedly existed as to John and Cecily Lansford, rather than hoping that the trial court would rule in favor of both of them and waiting until the case was out of the factfinder's hands to raise the distinction.
 
 
 13
 The decision of the Bankruptcy Appellate Panel is AFFIRMED with respect to John Lansford and REVERSED with respect to Cecily Lansford.
 
 
 
 *
 Honorable Robert J. Kelleher, United States District Judge for the Central District of California, sitting by designation