**In re J. Colin DAWSON and Norma Dawson, Debtors.**

**ESTATE OF Margaret EKELUND, Plaintiff,**

v.

**J. Colin DAWSON, Defendant.**

**Bankruptcy No. 91–12913.**
**Adv. No. 93–1077.**

United States Bankruptcy Court,
D. Rhode Island.

Jan. 31, 1994.

Michael M. Bowden, Halpert & Scoliard, Providence, RI, for defendant J. Colin Dawson.

Mark A. Charleson, Providence, RI, for plaintiff Estate of Margaret Ekelund.

*DECISION AND ORDER*

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on January 11, 1994, on the complaint of the Estate of Margaret Ekelund to declare nondischargeable, pursuant to § 523(a)(4), a $52,547.52 Judgment and Execution issued on September 20, 1989 against the Debtor, J. Colin Dawson.

At the conclusion of the hearing, and based upon the evidence adduced, we ruled that the debt in question was incurred as a result of defalcation by the Debtor while acting in a fiduciary capacity for Margaret Ekelund, thus establishing a nondischargeable claim under § 523(a)(4). The issue remained however, and was taken under advisement, as to whether accrued pre-judgment interest on the claim (approximately $24,000, now reduced to $18,000 as a result of a $34,500 payment by Dawson's surety) is or is not dischargeable, where the underlying debt is determined to be nondischargeable?

Upon review of the case law provided by the parties, *Bruning v. United States,* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), and *Jennen v. Hunter (In re Hunter),* 771 F.2d 1126 (8th Cir.1985), we conclude that pre-petition interest forms an integral part of the underlying debt and is also nondischargeable. It is particularly significant that in *Bruning,* 376 U.S. 358, 84 S.Ct. 906, the Supreme Court didn't question the nature of pre-petition interest on a nondischargeable debt, but instead focused exclusively on whether *post-petition* interest should be deemed nondischargeable,[1] which it answered in the affirmative. Notably, the Court stated:

---

1. The issue of post-petition interest was not raised by the Plaintiff, nor has the Plaintiff claimed post-judgment/pre-petition interest (i.e. the within bankruptcy was commenced on November 6, 1991, two years after execution issued). The only question pending is the dis-

chargeability of the outstanding balance on the 1989 execution in the amount of $18,074.52. Thus, the Plaintiff has limited its claim for recovery to the pre-judgment interest which accrued from 1982 through the execution date of September 20, 1989.

Petitioner did not question the Director's right to collect from assets acquired by petitioner after bankruptcy the unpaid principal of the tax debt and the *prepetition interest.* ... It is undisputed that, under § 17 [former Bankruptcy Act], petitioner remained personally liable after his discharge for that part of the principal amount of the tax debt and *prepetition interest* not satisfied out of the bankruptcy estate.... Initially, one would assume that Congress, in providing that a certain type of debt should survive bankruptcy proceedings as a personal liability of the debtor, intended personal liability to continue as to the interest on that debt as well as to its principal amount.... In most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus, an integral part of the continuing debt.

*Bruning v. United States,* 376 U.S. at 359–360, 84 S.Ct. at 907–08 (emphasis added).

The Debtor's reliance on *In re Hunter,* 771 F.2d 1126, does not support his position, either. We do not read *Hunter* to say, as the Debtor contends, that in the absence of actual fraud, the Court is given discretion to determine the status of interest on a nondischargeable claim. That case involved the apportionment of payments between a claim that was partially dischargeable and partially nondischargeable, and included a discussion of interest associated with such separately classified claims. In fact, the Court remarked that:

Ancillary obligations such as attorneys' fees and interest may attach to the primary debt; consequently, their status depends on that primary debt. [citation omitted] ... If these charges [attorneys' fees and interest] are ancillary to the $15,-000 nondischargeable debt, Jennen may be entitled to recover them, or those charges may be subject to apportionment between the dischargeable and nondischargeable parts of the underlying indebtedness.

*In re Hunter,* 771 F.2d at 1131.

Here, there is only one claim in issue, it has been determined to be nondischargeable, and for the foregoing reasons the unpaid interest associated therewith is also nondischargeable.

Enter Judgment consistent with this opinion.