In re Jack L. GOSNEY and Colleen
A. Gosney, Debtor.

Jack L. GOSNEY and Colleen
A. Gosney, Appellants,

v.

Walter R. LAW, Appellee.

BAP No. SC–95–1978–AsJO.
Bankruptcy No. 94–03081–M7.
Adv. No. 94–90368–M7.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Sept. 20, 1996.

Decided Nov. 26, 1996.

Sebastian D'Amico, San Diego, CA, for Jack & Colleen Gosney.

William C. Mathews, San Diego, CA, for Walter R. Law.

Before: ASHLAND, JONES, and OLLASON, Bankruptcy Judges.

### *OPINION*

ASHLAND, Bankruptcy Judge:

### *STATEMENT OF FACTS*

The debtors, Jack and Colleen Gosney, were social acquaintances and business partners of Richard Riel, a mortgage broker. At all relevant times herein, debtors and Riel jointly owned two investment properties.

In September 1990, debtors purchased a single family residence in San Diego, California. Debtors applied for a construction loan on the property from Seacoast Equities, a commercial lender. The loan application was denied. Subsequently, Riel, acting on behalf of debtors, approached Walter Law, creditor, for ·a construction loan. Riel presented to Law the loan package used for the Seacoast application which contained residential loan applications, appraisals, credit applications, employment verifications, bank statements, and IRS tax returns.

Law reviewed the loan package for approximately one month prior to making the loan to the debtors. Relying on the information contained in the package and on debtors' representation that the loan would be used for improvements on the property, Law loaned the debtors $70,000 in November 1991. The loan was secured by a second deed of trust on the property.

Approximately two months later, the proceeds from the Law loan were exhausted and construction was not complete. Subsequently, debtors applied for an FHA Title 1 loan of $15,000 from First Western Bank. Debtors presented allegedly false employment verification documents to Law to persuade Law to subordinate his loan in favor of First Western. Law agreed to subordinate his second deed of trust in favor of the First Western loan.

The debtors became delinquent on their monthly payments to Law approximately one year after the loan transaction. Law met with an attorney on March 1, 1993, on which date Law's legal expenses began to accrue. Law filed a complaint in superior court against debtors in May 1993, alleging breach of the loan contract. Law and the debtors litigated the issue in state court until March 1994.

In March 1994, debtors filed for Chapter 7 bankruptcy. Law filed an adversary proceeding claiming that debtors owed him $83,266.72 in principal and interest. Law alleged that the debt was obtained by false representations and actual fraud and is therefore excepted from discharge pursuant to 11 U.S.C. Sections 523(a)(2)(A) and (B).

After trial, the court determined that the principal amount of the debt, $70,000, was not dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (B);. prepetition interest of $13,266.72 on the principal amount of the

debt was not dischargeable; and the attorney fees of $5,499 from the underlying state court action was not dischargeable. Debtors appeal the court's order.

## ISSUES ON APPEAL

1. Whether the bankruptcy court erred in determining that the debt owed to Law is excepted from discharge pursuant to §§ 523(a)(2)(A) and (B).

2. Whether the bankruptcy court erred in determining that prepetition interest on the principal amount of the debt is nondischargeable.

3. Whether the bankruptcy court erred in determining that attorney fees from the underlying state court action are nondischargeable.

## STANDARD OF REVIEW

■ A bankruptcy court's findings of fact are reviewed under the clearly erroneous standard. *Mann v. Alexander Dawson, Inc.,* 907 F.2d 923, 926 (9th Cir.1990). A finding of fact is clearly erroneous if, after a review of the record, the appellate panel is left with a definite and firm conviction that error has been committed. *In re Apte,* 180 B.R. 223 (9th Cir. BAP 1995), *aff'd,* 96 F.3d 1319 (9th Cir.1996). The determination of reasonable reliance is a question of fact subject to the clearly erroneous standard of review. *In re Lansford,* 822 F.2d 902, 904 (9th Cir.1987).

■ An award of prejudgment interest by a trial court should be reviewed under the abuse of discretion standard. *In re Sternberg,* 85 F.3d 1400, 1405 (9th Cir.1996). An award of attorney fees is also reviewed under the abuse of discretion standard. *In re Weibel,* 176 B.R. 209, 211 (9th Cir. BAP 1994). A court abuses its discretion when it fails to apply the correct law or the decision is based upon a clearly erroneous finding of material fact. *In re Sternberg,* 85 F.3d at 1405.

A bankruptcy court's conclusions of law are reviewed de novo. *In re Daniels–Head & Assoc.,* 819 F.2d 914, 918 (9th Cir.1987).

## DISCUSSION

I. *Reasonable Reliance*

Section 523(a)(2) provides in pertinent part that a debtor is not entitled to be discharged from any debt to the extent that the debt was obtained by:

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

   (i) that is materially false;

   (ii) respecting the debtor's or an insider's financial condition;

   (iii) on which the creditor to whom the debtor is liable for such money, property, services or credit reasonably relied; and

   (iv) that the debtor caused to be made or published with intent to deceive.

11 U.S.C. § 523(a)(2).

■ A creditor alleging actual fraud under § 523(a)(2)(B) must show the following seven elements in order to preclude a debtor's discharge:

(1) a representation of fact by the debtor;

(2) that was material;

(3) that the debtor knew at the time to be false;

(4) that the debtor made with the intention of deceiving the creditor;

(5) upon which the creditor relied;

(6) that the creditor's reliance was reasonable; and

(7) that damage proximately resulted from the misrepresentation.

*In re Berr,* 172 B.R. 299 (9th Cir. BAP 1994); *In re Siriani,* 967 F.2d 302, 304 (9th Cir. 1992). The creditor has the burden of proving these elements by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

■ On appeal, debtors unpersuasively contend that the bankruptcy court erred in finding that the debt owed to Law was nondischargeable because Law failed to show the requisite reliance under §§ 523(a)(2)(A) and (B). A creditor must show justifiable reliance upon the representations of the debtor

to succeed under § 523(a)(2)(A) and reasonable reliance to succeed under § 523(a)(2)(B). *Field v. Mans*, — U.S. —, —, 116 S.Ct. 437, 445–46, 133 L.Ed.2d 351 (1995), *citing In re Kirsh*, 973 F.2d 1454, 1460 (9th Cir.1992); *In re Candland*, 90 F.3d 1466, 1471 (9th Cir.1996).

The bankruptcy court found that Law behaved reasonably in relying on the debtors' representations and that the loan transaction was excepted from discharge pursuant to § 523(a)(2)(B). The court noted numerous fraudulent statements made by debtors to Law, on which Law reasonably relied. For instance, debtors represented in writing that they had a bank account at Rancho Santa Fe National Bank with a balance of $100,493.24. They did not have the account. Debtors promised in writing that they would use the loan proceeds to construct a second story addition to the property, although Mr. Gosney later testified that when he signed this statement he intended to use the proceeds to pay off another loan. Debtors stated in writing that they paid no monthly rents other than a mortgage of $1,445 on the property, when in fact they also paid $450 per month for rent at their actual residence. Debtors falsely represented in writing that they owned four cars valued at $46,000 and property valued at $45,000. Ms. Gosney represented in writing that she was employed, earning $1,479 per month, when, in fact, she was unemployed from March 1991 to December 1991. Debtors represented in writing that their net worth was $346,805. Their true net worth was less than $50,000. Ms. Gosney submitted to Law a fraudulent document which verified her employment and monthly salary of $2,000.

Under the circumstances here, the court requires little investigation from a creditor when determining whether the creditor reasonably relied on the debtor's representations. *In re Candland*, 90 F.3d 1466 (9th Cir.1996); *In re Lansford*, 822 F.2d 902, 904 (9th Cir.1987). The debtors cannot simply rely on minor clues of falsity in financial statements that on the whole have the appearance of being very complete and reliable and where Law took reasonable steps to inquire as to the creditworthiness of the debtors. *In re Siriani*, 967 F.2d 302 (9th Cir.1992). Therefore, the bankruptcy court's finding that Law reasonably relied on the debtors' representations and that the loan transaction was excepted from discharge pursuant to § 523(a)(2)(B) was not clearly erroneous.

## II. *Prejudgment Interest*

■ Debtors argue that the accumulated prepetition interest on the debt is dischargeable. However, when an underlying debt is nondischargeable, "prepetition interest, [which] forms an integral part of the underlying debt ... is also nondischargeable." *In re Dawson*, 163 B.R. 421 (Bankr.D.R.I.1994). *See also, Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964); *In re Hunter*, 771 F.2d 1126 (8th Cir.1985); *In re Fitzgerald*, 109 B.R. 893, 902 (Bankr. N.D.Ind.1989).

The court in *Dawson* stated, "[i]t is particularly significant that in *Bruning*, [cite omitted] the Supreme Court didn't question the nature of prepetition interest on a nondischargeable debt, but instead focused exclusively on whether post-petition interest should be deemed nondischargeable, which it answered in the affirmative." *In re Dawson*, 163 B.R. at 421. The court was correct in finding that the prejudgment interest on a nondischargeable debt is likewise nondischargeable.

## III. *Attorney Fees*

■ Debtors allege that the court erred in determining that the attorney fees which Law incurred in the state court litigation are nondischargeable. The premise of debtors' argument is based upon *In re Itule* in which this panel held that attorney fees are not recoverable by a creditor in a dischargeability action under the Bankruptcy Code. *In re Itule*, 114 B.R. 206, 213 (9th Cir. BAP 1990). However, debtors fail to recognize the court's acknowledgment that "sharp contrast must be drawn between prepetition state court attorney fees and the postpetition fees incurred by plaintiff in litigating the dischargeability complaint in this court." *In re Itule*, 114 B.R. at 213, *citing In re Levinson*, 58 B.R. 831, 838 (Bankr.N.D.Ill.1986). The fees

which Law requests relate to the prepetition state court action, the forum in which the litigation between Law and the debtors began.

Frequently, a debt is determined nondischargeable in bankruptcy court by means of applying collateral estoppel to a fully litigated state court judgment. *In re Klause*, 181 B.R. 487, 498 (Bankr.C.D.Cal. 1995). "If the underlying judgment includes attorney's fees based on state law, these are allowed to survive the discharge.... [T]o rule that the debtor need not pay attorney's fees on the basic fraud action because he forced the litigation into the bankruptcy court before it could take place in a state forum is to reward someone who has been found by this court to be a defrauder." *In re Klause*, 181 B.R. at 498. Thus, the court did not abuse its discretion in awarding to Law prepetition attorney fees which Law incurred during the state court litigation.

### CONCLUSION

For the foregoing reasons, the order of the bankruptcy court is affirmed.