**In re: Richard A. STEEN, Debtor,**

**Richard A. STEEN, Appellant,**

v.

**Mary BROOKS, a single woman, Appellee.**

**No. 01–15866.**

**D.C. Nos. CV–99–01671–PGR, CV–00–00383–PGR.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2002.

Decided Feb. 12, 2003.

Before TASHIMA, THOMAS and PAEZ, Circuit Judges.

MEMORANDUM *

Richard A. Steen appeals the judgment of the bankruptcy court that his debt to Mary Brooks was nondischargeable under

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

11 U.S.C. § 523(a)(2)(B) as a result of his fraud. The district court affirmed. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I

Steen argues that the bankruptcy court's findings that Brooks reasonably relied on Steen's misrepresentations in his credit application were not supported by the evidence and therefore were clearly erroneous. We review the bankruptcy court's determinations of fact for clear error. *See Graves v. Myrvang (In re Myrvang)*, 232 F.3d 1116, 1120 (9th Cir.2000); *La Trattoria, Inc. v. Lansford (In re Lansford)*, 822 F.2d 902, 904 (9th Cir. 1987).

The evidence before the bankruptcy court established that (1) Brooks was an individual creditor/lessor and not a routine institutional lender; (2) Brooks considered the credit application important in deciding whether to lease her home to Steen; (3) there was nothing in the application that would have caused Brooks to question Steen's statements in the application; and (4) Brooks reasonably relied on the credit application.

The evidence also established that Brooks was seeking to lease her home while she studied abroad, that she wanted a financially secure tenant who would be able to pay rent even if laid off, and that she carefully considered both the credit application and rental agreement before making her decision to lease to Steen.

Although there were minor omissions on the application, they were not significant in light of the information Steen did provide, information that appeared reliable. These minor omissions do not undermine the bankruptcy court's finding that Brooks reasonably relied on Steen's misrepresentations. *See Siriani v. Northwestern Nat'l Ins. Co. (In re Siriani)*, 967 F.2d 302, 307 (9th Cir.1992).

In light of all the evidence before the bankruptcy court, its finding that Brooks reasonably relied on Steen's misrepresentations in the credit application was not clearly erroneous.

## II

Steen next argues that the bankruptcy court's factual findings that Steen intended to deceive Brooks were not supported by the evidence. The bankruptcy court's findings, however, were not clearly erroneous. The testimony of Steen, Brooks, and Wally Juris, the real estate agent for the listing, established that Steen (1) listed his 401K plan on the credit application as liquid funds knowing that his right to withdraw the funds was limited, (2) failed to list his condominium mortgage payments, (3) failed to list his child support obligations, and (4) misrepresented his marital status on the application. In light of this testimony, we hold that the bankruptcy court's ultimate finding that Steen intended to deceive Brooks was supported by substantial evidence and, thus, was not clearly erroneous.

**AFFIRMED.**