MEMORANDUM**
Johnson & Johnson Finance Corporation (“JJFC”) executed a series of loans in favor of Harold Kavoussi and his surgery clinic, Pomona Valley Eye Surgery Medical Group (“PVES”). Dr. Kavoussi defaulted on those loans and filed for Chapter 7 bankruptcy relief. The bankruptcy court granted one of JJFC’s motions for summary judgment, finding that Dr. Kavoussi’s debt was non-dischargeable under 11 U.S.C. § 523(a)(2)(B). Dr. Kavoussi appeals the judgment of the Bankruptcy Appellate Panel (“BAP”) affirming the bankruptcy court’s decision. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
The bankruptcy court may refuse to discharge a debt if the debtor obtained the loan by “use of a statement in writing (i) that is materially false; (ii) respecting the debtor’s or an insider’s financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive.” 11 U.S.C. § 523(a)(2)(B). The Ninth Circuit has restated the elements of § 523(a)(2)(B) as seven factors: “(1) a representation of fact by the debtor, (2) that was material, (3) that the debtor knew at the time to be false, (4) that the debtor made with the intention of deceiving the creditor, (5) upon which the creditor relied, (6) that the creditors reliance was reasonable, [and] (7) that damage proximately resulted from the representation.” Candland v. Insurance Co. of N. America (In re Candland), 90 F.3d 1466, 1469 (9th Cir.1996). The creditor must prove these elements by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Dr. Kavoussi appeals the bankruptcy court’s determinations that his financial statements contained material misrepresentations; that he had intent to deceive; and that JJFC reasonably relied on his false representations. In addition, he appeals the bankruptcy court’s denial of his motion for a new hearing.
We independently review the bankruptcy court’s findings on appeal, and affirm its determinations unless they are clearly erroneous. Whether the creditor relied upon false statements, whether there was *127 intent to defraud, and whether the misrepresentations were material are all issues of fact. Candland, 90 F.3d at 1469.
The bankruptcy court did not clearly err in determining that the debt was nondischargeable under 11 U.S.C. § 523(a)(2)(B). First, Dr. Kavoussi’s failure to disclose that a loan from his parents for $220,000 was secured by $6.8 million in assets was a material misrepresentation; JJFC submitted affidavits that they would not have tendered the loan had they known that his assets were pledged. See Candland, 90 F.3d at 1470 (holding that a statement is materially false if it “would affect the creditor’s decision[-]making process”). In addition, Dr. Kavoussi’s failure to disclose that his real property had been transferred constituted a material misrepresentation. Dr. Kavoussi’s claim that his failure to reveal the transfer was not a misrepresentation because the deeds were not yet recorded is unavailing. A “transfer is ‘made’ under [11 U.S.C.] § 727(a)(2) on the date the agreement or deed of transfer is executed,” when it is “valid between the parties to that transfer, irrespective of whether it is valid as against [bona fide purchasers].” Finalco, Inc. v. Roosevelt (In re Roosevelt), 87 F.3d 311, 316-17, 318 (9th Cir.1996); see also 11 U.S.C. § 727(a)(2) (“The court shall grant the debtor a discharge, unless ... the debtor, with intent to hinder ... a creditor ... has transferred ... property of the debtor....”). Moreover, regardless of the rule applied, the fact that JJFC would not have made the loan had they known about the deeds renders the misrepresentation material.
Second, the totality of the circumstances indicates an intent to deceive. See Tustin Thrift & Loan Ass’n v. Maldonado (In re Maldonado), 228 B.R. 735, 738 (9th Cir. BAP 1999). It is impossible to believe that Dr. Kavoussi’s notation that he owned “100% shares” of his corporations was intended to indicate anything other than that he owned 100% of each corporation. Moreover, Dr. Kavoussi’s failure to reveal to JJFC that all of his assets were pledged to his parents was not mitigated by a reasonable explanation demonstrating good faith.
Third, JJFC reasonably relied on Dr. Kavoussi’s representations regarding his financial status. “Lenders do not have to hire detectives before relying on borrowers’ financial statements.... [W]e have noted that, when there is evidence of materially fraudulent statements, little investigation is required for a creditor to have reasonably relied on the representations.” Gertsch v. Johnson & Johnson Finance Corp. (In re Gertsch), 237 B.R. 160, 170 (9th Cir.BAP 1999) (citations and internal quotation marks omitted); see also La Trattoria, Inc. v. Lansford (In re Lansford), 822 F.2d 902, 904 (9th Cir.1987) (“Having intentionally misled the sellers in an area he knew was important to them, it is unseemly for Lansford now to argue that he should be excused from section 523 because the sellers believed him.”).
Finally, because Dr. Kavoussi did not appeal to the Bankruptcy Appellate Panel the lower court’s order denying his motion for a new hearing or amend his notice of appeal to include it, we lack jurisdiction to consider it.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.