NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | | |
|---|---|---|
| In the Matter of:<br>SCOTT P. HOLCOMB,<br><br>    Debtor.<br>_____<br><br>SCOTT P. HOLCOMB, doing<br>business as Holcomb Enterprises,<br><br>    Appellant,<br><br>    v.<br><br>NEW CASTLE FINANCIAL<br>GROUP, INC.,<br><br>    Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-56630<br><br>D.C. No. CV-07-00206-ODW<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted April 6, 2010[**]
Pasadena, California

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Before:     FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

Scott P. Holcomb appeals the district court's order affirming the bankruptcy court's decision that Holcomb was not entitled to discharge of his debt to New Castle Financial Group, Inc.  See 11 U.S.C. § 523(a)(2)(B).  We affirm.

(1)     Holcomb first asserts that the bankruptcy court erred when it considered evidence that went to issues which were not properly before it because they were not covered by the Pretrial Order.  Pretrial orders do control the course of proceedings,[1] but they are not given a crabbed interpretation.[2]  The evidence in question was actually listed in the Pretrial Order, was admissible on the issues of reasonable reliance, intent, and credibility, and did not result in improper prejudice to Holcomb.  The bankruptcy court did not err.

(2)     Holcomb then asserts that the evidence was insufficient to satisfy New Castle's burden to show by a preponderance of the evidence[3] that he was not entitled to his discharge.  That, he says, is because the elements of 11 U.S.C. §

---

[1]See El-Hakem v. BJY Inc., 415 F.3d 1068, 1077 (9th Cir. 2005).

[2]See First Card v. Hunt (In re Hunt), 238 F.3d 1098, 1101–02 (9th Cir. 2001).

[3]See Candland v. Ins. Co. of N. Am. (In re Candland), 90 F.3d 1466, 1469 (9th Cir. 1996); La Trattoria, Inc. v. Lansford (In re Lansford), 822 F.2d 902, 904 (9th Cir. 1987).

523(a)(2)(B) were not shown.[4] He claims that the bankruptcy court's factual determinations to the contrary were clearly erroneous. See Greene v. Savage (In re Greene), 583 F.3d 614, 618 (9th Cir. 2009); Cooper v. Allustiarte (In re Allustiarte), 786 F.2d 910, 917 (9th Cir. 1986). We disagree.

On this record, the evidence was sufficient to support the findings that Holcomb tendered a written financial statement to New Castle,[5] respecting his financial condition;[6] that the statement was materially false;[7] that under all of the circumstances (including his failure to mention his just filed bankruptcy petition) his intent was to deceive New Castle;[8] and that New Castle reasonably relied[9] upon that statement when it advanced Holcomb credit. As to the latter element, we note that while New Castle could undoubtedly have been more wary and done more

---

[4]See In re Candland, 90 F.3d at 1469; In re Lansford, 822 F.2d at 904.

[5]11 U.S.C. § 523(a)(2)(B).

[6]Id. § 523(a)(2)(B)(ii).

[7]Id. § 523(a)(2)(B)(i).

[8]See Khalil v. Developers Sur. & Indem. Co. (In re Khalil), 578 F.3d 1167, 1169 (9th Cir. 2009); Cowen v. Kennedy (In re Kennedy), 108 F.3d 1015, 1018 (9th Cir. 1997); Pub. Fin. Corp. of Redlands v. Taylor (In re Taylor), 514 F.2d 1370, 1373–74 (9th Cir. 1975).

[9]The totality of the circumstances supports that determination. See In re Candland, 90 F.3d at 1471; see also Cashco Fin. Servs., Inc. v. McGee (In re McGee), 359 B.R. 764, 774 (B.A.P. 9th Cir. 2006).

investigation, Holcomb clearly knew that the information regarding his financial condition was important to New Castle,[10] and it was not at all obvious that Holcomb was in great financial difficulty.[11]

AFFIRMED.

---

[10]See In re Lansford, 822 F.2d at 904.

[11]In fact, there were no real difficulties with a prior transaction. Cf. Kentile Floors, Inc. v. Winham, 440 F.2d 1128, 1131–32 (9th Cir. 1971) (more investigation needed when creditor had a great deal of information suggesting debtor distress).