

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: PETER DAVID KEMPF, | No. 12-60015 |
| Debtor, | BAP No. 11-1317 |
| PETER DAVID KEMPF, | MEMORANDUM* |
| Appellant, | |
| v. | |
| HITACHI CAPITAL AMERICA CORP., | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Case, II, Pappas, and Markell, Bankruptcy Judges, Presiding

Argued and Submitted November 8, 2013
Pasadena, California

Before: GOULD and BYBEE, Circuit Judges, and CHEN, District Judge.**

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Edward M. Chen, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Peter David Kempf appeals from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's finding that Kempf's obligation to Hitachi Capital America Corp. ("Hitachi") was not dischargeable under 11 U.S.C. § 523(a)(2)(B). We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Anastas v. Am. Sav. Bank (In re Anastas)*, 94 F.3d 1280, 1283 (9th Cir. 1996). We review for clear error findings of fact, including a finding that a creditor reasonably relied on a materially false representation. *Lansford v. La Trattoria* (*In re Lansford*), 822 F.2d 902, 904 (9th Cir. 1987). Whether an amended pleading relates back to an original pleading is reviewed de novo. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 932 (9th Cir 2007). We affirm.

The bankruptcy court did not clearly err in finding that Hitachi reasonably relied on the materially false representations contained in Kempf's personal financial statement. Hitachi conducted a transaction analysis, contacted references, obtained a background report on Kempf, and requested Kempf's tax returns to confirm Kempf's earning potential. The record supports the bankruptcy court's determination that Hitachi reliance was reasonable. *See Candland v. Ins. Co. of N. Am.* (*In re Candland*), 90 F.3d 1466, 1471 (9th Cir. 1996) (recognizing that this

2

Court requires "little investigation" where a personal financial statement contains misrepresentations); *In re Lansford*, 822 F.2d at 904 ("Having intentionally misled the [creditors] in an area he knew was important to them, it is unseemly for [debtor] now to argue that he should be excused from section 523 because the [creditors] believed him."); *see also Gertsch v. Johnson & Johnson* (*In re Gertsch*), 237 B.R. 160, 170 (B.A.P. 9th Cir. 1999) ("[W]hen there is evidence of materially fraudulent statements, little investigation is required for a creditor to have reasonably relied on the representations.").

Contrary to Kempf's assertion, the bankruptcy court did not clearly err in finding that Kempf's tax returns (and Form 3520s) did not render Hitachi's reliance unreasonable. The information in the Form 3520 was located towards the back of each year's tax returns and was not particularly conspicuous. Moreover, the Form 3520 lists Julie Kempf as the U.S. owner and beneficiary of the Angel Trust, but the form does not expressly call for the listing of *every* U.S. owner or beneficiary. In addition, income from the Angel Trust was included in Kempf's joint tax return, and the Kempfs reside in a community property state. While the tax returns and the fact that a trust was listed as an asset might have suggested further investigation was warranted, in the context of all the documents presented and reviewed, the tax return represented at best a "minor clue" that Kempf's

3

personal financial statement may have contained a misrepresentation. *Gosney v. Law* (*In re Gosney*), 205 B.R. 418, 421 (B.A.P. 9th Cir.1996) ("The debtors cannot simply rely on minor clues of falsity in financial statements that on the whole have the appearance of being very complete and reliable and where [the creditor] took reasonable steps to inquire as to the creditworthiness of the debtors."). The returns were not obviously inconsistent with the personal financial statement. *See In re Gertsch*, 237 B.R. at 170 ("[A]lthough a creditor is not entitled to rely upon an obviously false representation of the debtor, this does not require him or her to view each representation with incredulity requiring verification." (citation and internal quotation marks omitted)).

The bankruptcy court correctly determined that Hitachi's first amended complaint related back to its original complaint. Both the original and first amended complaint alleged that Kempf engaged in fraudulent misrepresentations made to secure the lease with Hitachi, and specifically in connection with Kempf's personal guaranty. Accordingly, the original complaint gave Kempf "fair notice of the transaction, occurrence, or conduct" called into question by the first amended complaint. *See Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (citation and internal quotation marks omitted); *see also Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (recognizing, for purposes of

Rule 15(c), that "[c]laims arise out of the same conduct, transaction, or occurrence if they 'share a common core of operative facts' such that the plaintiff will rely on the same evidence to prove each claim" (citation omitted)).

**AFFIRMED.**