## BRUNING v. UNITED STATES.

No. 423.   Argued March 3, 1964.—Decided March 23, 1964.

*Ernest R. Mortenson* argued the cause and filed a brief for petitioner.

*Philip B. Heymann* argued the cause for the United States.   With him on the brief were *Solicitor General Cox, Assistant Attorney General Oberdorfer* and *I. Henry Kutz.*

Mr. Chief Justice Warren delivered the opinion of the Court.

The issue presented in this case is whether the United States is entitled to recover, out of assets acquired by a debtor after his adjudication of bankruptcy, post-petition interest on a tax assessment which (under § 17 of the Federal Bankruptcy Act, 30 Stat. 544, 550, as amended, 11 U. S. C. § 35) was not discharged in the bankruptcy proceedings.   The essential facts are not in dispute. Petitioner incurred withholding and federal insurance contributions taxes during the fourth quarter of 1951 but failed to pay those taxes when due.   In March 1952, an assessment of those taxes was made against petitioner. On July 6, 1953, petitioner filed a voluntary petition in bankruptcy and was adjudicated a bankrupt in the Fed-

eral District Court for the Western District of Louisiana. The District Director of Internal Revenue filed a claim in the bankruptcy proceedings for the assessed amount owed by petitioner, and the United States received a small distribution out of the assets of the bankruptcy estate. Petitioner was granted a discharge in bankruptcy in October 1953, and the case was closed in June 1954.

In 1957, petitioner filed claims for refund of income taxes paid for the years 1953 and 1954, which resulted in his being allowed a credit for income taxes and interest in respect of those years. On March 7, 1958, the Director of Internal Revenue applied the entire 1953 credit and part of the 1954 credit [1] to the balance of the assessment of the withholding and F. I. C. A. taxes owed for 1951, plus interest to date—including interest which had accrued during the period between the filing of petitioner's petition in bankruptcy (July 6, 1953) and the date of payment (March 7, 1958). This post-petition interest, which totals about $795, is the subject of the present controversy. Petitioner did not question the Director's right to collect from assets acquired by petitioner after bankruptcy the unpaid principal of the tax debt and the pre-petition interest. However, contending that he was not liable for interest accruing on the assessment after his petition in bankruptcy was filed, petitioner brought suit in the Federal District Court for the Southern District of California for refund of that portion of the interest. The District Court held that petitioner's personal liability for post-petition interest on the unpaid taxes was not discharged by the bankruptcy proceedings, and the Court of Appeals for the Ninth Circuit affirmed. Due to an apparent conflict between circuits [2] and the potentially recurring nature of the question involved, we

---

[1] The remainder was distributed to petitioner.

[2] See *United States* v. *Mighell,* 273 F. 2d 682 (C. A. 10th Cir. 1959).

granted certiorari, 375 U. S. 920. We affirm the decision below.

Section 17 of the Federal Bankruptcy Act, 11 U. S. C. § 35, provides in relevant part:

> "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are due as a tax levied by the United States . . . ."

It is undisputed that, under § 17, petitioner remained personally liable after his discharge for that part of the principal amount of the tax debt and pre-petition interest not satisfied out of the bankruptcy estate. The courts below held that, under § 17, petitioner also remained personally liable for post-petition interest on the tax debt, and we find no substantial reason to reverse that holding. Initially, one would assume that Congress, in providing that a certain type of debt should survive bankruptcy proceedings as a personal liability of the debtor, intended personal liability to continue as to the interest on that debt as well as to its principal amount. Thus, it has never been seriously suggested that a creditor whose claim is not provable against the trustee in bankruptcy loses his right to interest in a post-bankruptcy action brought against the debtor personally. In most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus, an integral part of a continuing debt. Interest on a tax debt would seem to fit that description. Thus, logic and reason indicate that post-petition interest on a tax claim excepted from discharge by § 17 of the Act should be recoverable in a later action against the debtor personally, and there is no evidence of any congressional intent to the contrary.

Petitioner suggests that the Government might have ignored the bankruptcy proceeding entirely and later

brought suit upon its undischarged claim against petitioner personally and collected both principal and interest. But petitioner asserts that once the Government filed a claim in the bankruptcy proceeding, its rights became limited to the recovery of unpaid sums allowed by the trustee, not including post-petition interest. This argument is based on § 6873 (a) of the Internal Revenue Code of 1954, which provides:

> "Any portion of a claim for taxes allowed in . . . any proceeding under the Bankruptcy Act which is unpaid shall be paid by the taxpayer upon notice and demand from the Secretary or his delegate after the termination of such proceeding."

We find no indication in the wording or history of § 6873 (a) that the section was meant to limit the Government's right to continuing interest on an undischarged and unpaid tax liability. Nor is petitioner aided by the now-familiar principle that one main purpose of the Bankruptcy Act is to let the honest debtor begin his financial life anew. As the Court of Appeals noted, § 17 is not a compassionate section for debtors. Rather, it demonstrates congressional judgment that certain problems—*e. g.,* those of financing government—override the value of giving the debtor a wholly fresh start.[3] Congress clearly intended that personal liability for unpaid tax debts survive bankruptcy. The general humanitarian purpose of the Bankruptcy Act provides no reason to believe that Congress had a different intention with regard to personal liability for the interest on such debts.

Finally, petitioner urges that we consider the present case in light of the decision in *New York* v. *Saper,* 336 U. S. 328. As to claims against the trustee in bankruptcy, the general rule for liquidation of the bankruptcy estate

---

[3] One reason for refusing to make taxes dischargeable is the desire to prevent tax evasion. See 83 Cong. Rec. 9106 (1938).

has long been that a creditor will be allowed interest only to the date of the petition in bankruptcy. *Sexton* v. *Dreyfus*, 219 U. S. 339. In *New York* v. *Saper, supra,* this Court held that the general rule applies to claims against the trustee for taxes as well as for other debts. But the instant case concerns the debtor's personal liability for post-petition interest on a debt for taxes which survives bankruptcy to the extent that it is not paid out of the estate. Petitioner asserts that the traditional rule which denies post-petition interest as a claim against the bankruptcy estate also applies to discharge the debtor from personal liability for such interest even if the underlying tax debt is not discharged by § 17. We hold that it does not so apply.

The basic reasons for the rule denying post-petition interest as a claim against the bankruptcy estate are the avoidance of unfairness as between competing creditors and the avoidance of administrative inconvenience.[4]

---

[4] See *American Iron & Steel Mfg. Co.* v. *Seaboard Air Line R. Co.*, 233 U. S. 261, 266:

"And it is true, as held in *Tredegar Co.* v. *Seaboard Ry.*, 183 Fed. Rep. 289, 290, that as a general rule, after property of an insolvent is in *custodia legis* interest thereafter accruing is not allowed on debts payable out of the fund realized by a sale of the property. But that is not because the claims had lost their interest-bearing quality during that period, but is a necessary and enforced rule of distribution, due to the fact that in case of receiverships the assets are generally insufficient to pay debts in full. If all claims were of equal dignity and all bore the same rate of interest, from the date of the receivership to the date of final distribution, it would be immaterial whether the dividend was calculated on the basis of the principal alone or of principal and interest combined. But some of the debts might carry a high rate and some a low rate, and hence inequality would result in the payment of interest which accrued during the delay incident to collecting and distributing the funds. As this delay was the act of the law, no one should thereby gain an advantage or suffer a loss. For that and like reasons, in case funds are not sufficient to pay claims of equal dignity, the distribution is made only on the basis of

These reasons are inapplicable to an action brought against the debtor personally. In the instant case, collection of post-petition interest cannot inconvenience administration of the bankruptcy estate, cannot delay payment from the estate unduly, and cannot diminish the estate in favor of high interest creditors at the expense of other creditors. In *New York* v. *Saper, supra,* the Court found the reasons for the traditional rule applicable and held that post-petition interest on a claim for taxes was not to be allowed against the bankruptcy estate. Here, we find the reasons—and thus the rule—inapplicable, and we hold that post-petition interest on an unpaid tax debt not discharged by § 17 remains, after bankruptcy, a personal liability of the debtor.

*Affirmed.*

---

the principal of the debt. But that rule did not prevent the running of interest during the Receivership; and if as a result of good fortune or good management, the estate proved sufficient to discharge the claims in full, interest as well as principal should be paid."

See also *Vanston Bondholders Protective Committee* v. *Green,* 329 U. S. 156, 164:

"Accrual of simple interest on unsecured claims in bankruptcy was prohibited in order that the administrative inconvenience of continuous recomputation of interest causing recomputation of claims could be avoided. Moreover, different creditors whose claims bore diverse interest rates or were paid by the bankruptcy court on different dates would suffer neither gain nor loss caused solely by delay."

Because the traditional rule rests upon such practical considerations, it has been suggested that:

"The principle that interest stops running from the date of the filing of the petition in bankruptcy should be understood as a rule of liquidation practice rather than as a rule of substantive law." 3 Collier, Bankruptcy (14th ed., 1961) 1858.