[No. 40714. En Banc. May 20, 1970.]

*In the Matter of the Appeal of* TOPS SHOP 'N SAVE, INC. TOPS SHOP 'N SAVE, INC., *Appellant,* v. THE EMPLOYMENT SECURITY DEPARTMENT, *Respondent.**

*Frederick Paul,* for appellant.

*The Attorney General, Richard M. Montecucco* and *Joseph M. Littlemore, Assistants,* for respondent.

STAFFORD, J.—This is an appeal from a judgment of the trial court that affirmed a decision of the Commissioner of the Washington State Employment Security Department.

The appellant, Tops Shop 'n Save, Inc., has not assigned error to the trial court's findings of fact. Therefore, the

*Reported in 469 P.2d 920.

findings will be accepted as the established facts in the case. ROA I-43.

The essential facts reveal that on April 27, 1965, appellant filed a petition for an arrangement under chapter 11 of the Bankruptcy Act. As of that date appellant had paid wages to its employees to the extent that it owed $813.25 to the unemployment compensation fund of the Washington State Employment Security Department. In order to recover these unpaid taxes, the department filed a claim with the Referee in Bankruptcy.

On October 11, 1965, appellant filed a "Second Amended Plan of Arrangement" which provided in part:

All debts which have priority under Section 64a (1), (2), (4) and (5), shall be settled and satisfied by payment of the same in cash in full at the time of confirmation.[1]

In order to effectuate the plan, Wilson-Thorne, Inc. made available to the disbursing officer $400,000 to be distributed to the creditors of appellant. As a consequence, Wilson-Thorne, Inc. became the owner of all the capital stock of appellant. Nevertheless, appellant continued in existence as the same corporate entity.

On January 6, 1966, the Referee in Bankruptcy ordered the department to show cause why the claim should not be rejected, asserting that it had been *paid or assumed by the successor*. The department did not appear and on February 4, 1966, the referee issued an order rejecting and disallowing the claim for the reasons set forth in the show cause order. The department did not appeal. It is not disputed, however, that the claim was never paid and that Wilson-Thorne, Inc. did not acknowledge or assume liability for the amount due.

After termination of the bankruptcy proceedings, the de-

---

[1]Section 64a (4) is codified in 11 U.S.C. § 104(a)(4), and reads as follows:

"The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be . . . (4) taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof which are not released by a discharge in bankruptcy . . ."

partment reasserted its claim for taxes. Appellant sought a review of the department's action and successive administrative appeals uniformly resulted in a decision that appellant was responsible for payment of the tax. On appeal to the superior court, the tax liability was again affirmed.

Appellant's sole assignment of error is that the trial court erred in entering judgment against it.[2]

The Bankruptcy Act in section 371 of article 9 (11 U.S.C. § 771) provides as follows:

> The confirmation of an arrangement shall discharge a debtor from all his unsecured debts and liabilities provided for by the arrangement, except as provided in the arrangement or the order confirming the arrangement, but excluding such debts as, under section 17 of this Act, are not dischargeable.

Section 17 of the act (11 U.S.C. § 35) provides, in pertinent part:

> a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof within three years preceding bankruptcy . . .

We have previously held that contributions exacted under the Employment Security Act are taxes within the meaning of the Bankruptcy Act, and the contributor's discharge in bankruptcy does not affect the rights of the state to collect such taxes. *Ernst v. Hingeley*, 11 Wn.2d 171, 118 P.2d 795 (1941).

*Bruning v. United States*, 376 U.S. 358, 360, 11 L. Ed. 2d 772, 84 S. Ct. 906 (1964), a case dealing primarily with liability for interest on tax claims, stated:

> It is undisputed that, under [11 U.S.C. § 35], petitioner remained personally liable after his discharge for that

---

[2]Although counsel's brief devoted considerable space to an argument that the bankruptcy decree was res judicata, and that the present ownership of the debtor should not be held liable for a debt of the previous ownership (albeit the same corporate entity), he failed to allege these matters in his assignments of error. They will not be considered. ROA I-43.

part of the principal amount of the tax debt and pre-petition interest not satisfied out of the bankruptcy estate.

. . .

. . . As the Court of Appeals noted, [11 U.S.C. § 35] is not a compassionate section for debtors. Rather, it demonstrates congressional judgment that certain problems—e. g., those of financing government—override the value of giving the debtor a wholly fresh start. Congress clearly intended that personal liability for unpaid tax debts survive bankruptcy.

(Footnotes omitted.)

The trial court is affirmed.

ALL CONCUR.