In re Gregory Dean MAYER, Cheryl Marie Mayer, Debtors.

Gregory Dean MAYER, Cheryl Marie Mayer, Plaintiffs,

v.

UNITED STATES of America, Defendants.

Bankruptcy No. 91–40755–7C. Adversary No. 96–7018.

United States Bankruptcy Court, D. Kansas.

Oct. 28, 1996.

nor does the proof of service show that Alaska       Student Loan Program was ever served.

Paul D. Post, Topeka, KS, for debtors.

Jackie N. Williams, U.S. Atty., Topeka, KS, Jaye Rooney, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for U.S.

John Foulston, Wichita, KS, U.S. Trustee.

## ORDER DENYING DEBTORS' MOTION FOR SUMMARY JUDGMENT AND GRANTING GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

JAMES A. PUSATERI, Chief Judge.

This proceeding is before the Court on opposing motions for summary judgment. The plaintiff-debtors appear by counsel Paul D. Post. The United States of America appears by United States Attorney Jackie N. Williams and Trial Attorney Jaye Rooney of the Tax Division of the United States Department of Justice. The Court has reviewed the relevant pleadings and is now ready to rule.

### FACTS

When the debtors filed a chapter 13 bankruptcy case in 1991, they owed federal income taxes for 1989 and 1990. The IRS filed a proof of claim showing the prepetition amount owed, and the taxes were allowed as a priority claim. About two-thirds of the taxes were paid while the case remained in chapter 13. The debtors converted the case to chapter 7 in April 1995, and they received

a chapter 7 discharge in September of that year. They contend the IRS's records show the 1989 tax claim was paid in full in April 1995, and that other payments they made totalled more than the 1990 tax claim before they received their discharge.

## DISCUSSION AND CONCLUSIONS

██ Without expressly saying so, the debtors are trying to obtain a discharge of some of their priority tax obligations even though they failed to complete their chapter 13 plan. Debtors who successfully complete such a plan can discharge such debts under 11 U.S.C.A. § 1328(a). Since postpetition interest is allowed against an insolvent bankruptcy estate only on oversecured claims, see § 506(b), successful chapter 13 debtors can discharge their priority tax obligations by paying only the balance owed on them prepetition. However, priority tax claims are excluded from the discharge granted under § 727 to chapter 7 debtors. § 727(b); § 523(a)(1); § 507(a)(8). Interest on such claims is also excluded from the chapter 7 discharge, and penalties are as well unless the transaction or event giving rise to them occurred more than three years before the bankruptcy petition was filed. *See Bruning v. United States*, 376 U.S. 358, 360–63, 84 S.Ct. 906, 907–09, 11 L.Ed.2d 772 (1964) (postpetition interest); *Nicholas v. United States*, 384 U.S. 678, 682 n. 9, 86 S.Ct. 1674, 1679 n. 9, 16 L.Ed.2d 853 (1966) (interest suspended, not extinguished, during bankruptcy); *Burns v. United States (In re Burns)*, 887 F.2d 1541, 1543–44 (11th Cir. 1989) (Bruning rule survived enactment of Bankruptcy Code; postpetition interest and penalties nondischargeable with three-year exception for penalties).

██ The debtors seem to suggest · the amount of the IRS's nondischargeable tax claim is controlled by the proof of claim it filed while the case was pending in chapter 13. They overlook certain facts about proofs of claim. First, proofs of claim are filed to assert a right to share in any distributions made by the bankruptcy estate. Second, claims are generally allowed under § 502(b) in the amount owed on the date of the filing, so any postpetition facets of a claim are not covered by that section. Ordinarily, since most debts are dischargeable, the allowed amount of a claim is all that matters because postpetition additions through interest or penalties are discharged. However, this is not true for nondischargeable debts, and, under the cases cited above, the creditor remains free to try to recover any part of the claim that was not discharged, such as postpetition interest and penalties.

██ The debtors also argue the government should be equitably estopped from claiming they owe additional penalties and interest because it accepted a check on which they allegedly wrote "taxes paid in full" and it did not amend its proof of claim to include such amounts before the debtors received their chapter 7 discharge. If equitable estoppel can ever be applied to the government, it can only be in cases of affirmative misconduct by the government. *DePaolo v. United States (In re DePaolo)*, 45 F.3d 373, 376–77 (10th Cir.1995). Even if the debtors could establish that their check was marked "taxes paid in full," cashing such a check does not amount to affirmative misconduct. As indicated above, the purpose of the proof of claim was to state the amount the IRS asserted the debtors owed it on the date they filed for bankruptcy, not to specify the maximum amount the IRS could ever try to recover from them.

For these reasons, the debtors' motion for summary judgment must be denied and the government's motion must be granted. Despite their chapter 7 discharge and the payments they have made, the debtors still owe the balance of unpaid postpetition interest and penalties on their 1989 and 1990 federal income taxes.

IT IS SO ORDERED.