**In re Charles PITT, Debtor.**

**In re Edward C. & Pamela R. De Jesus, Debtors.**

**In re Gary Michael Carucci, Debtor.**

Bankruptcy Nos. 98–53331–ASW, 98–53879–ASW, 98–53883–ASW.

United States Bankruptcy Court,
N.D. California.

Oct. 14, 1999.

Edward A. Kunnes, Boone, Miller, Prukop & Wolny, San Jose, CA, for debtors.

Victor Chen, Deputy District Attorney; Philip L. Strauss, Assistant District Attorney, Family Support Division of Santa Clara County District Attorneys Office, San Francisco, CA, for creditor.

MEMORANDUM DECISION CONCERNING POST–PETITION INTEREST ON NON–DISCHARGEABLE SUPPORT CLAIMS

ARTHUR S. WEISSBRODT, Bankruptcy Judge.

The County of Santa Clara ("Creditor")

**7.** _Id._

objected to confirmation of the Chapter 13[1] plan filed by the Debtor in each of the above-numbered cases (collectively, "Debtors"). The plan in each case has been confirmed without prejudice to determination of the issue raised by the objection of Creditor, which is: when a non-dischargeable support debt is paid through a Chapter 13 plan in the amount that existed on the date of the bankruptcy petition, does post-petition interest on such debt constitute a non-dischargeable debt that remains to be paid after completion of the Chapter 13 plan?

The facts relevant to the subject issue are not in dispute and the matters have been briefed and argued. Debtors were represented by Edward A. Kunnes, Esq. of Boone, Miller, Prukop & Wolny. Creditor was represented by Deputy District Attorney Victor Chen, Esq. and Assistant District Attorney Philip L. Strauss, Esq. of the Family Support Division of the Santa Clara County District Attorney's office.

## I.

### BACKGROUND

Charles Pitt filed a Chapter 13 petition on April 27, 1998, which commenced Case No. 98–53331–ASW. Creditor asserts a claim for pre-petition child support arrears of $7,792.86.

Edward and Pamela De Jesus filed a Chapter 13 petition on May 14, 1998, which commenced Case No. 98–53879–ASW. Creditor asserts a claim for pre-petition child support arrears of $17,052.33.

Gary Michael Carucci filed a Chapter 13 petition on May 14, 1998, which commenced Case No. 98–53883–ASW. Creditor asserts a claim for pre-petition child support arrears of $93,624.85.

In each case, it is unclear whether the parties dispute the extent to which each claim is non-dischargeable and the extent to which each claim is entitled to priority

status. However, the issue currently before this Court concerns only the non-dischargeable portion (if any) of each claim and, as discussed below, priority status is irrelevant to that issue.

## II.

### PARTIES' POSITIONS

Debtors propose to pay through their respective Chapter 13 plans their respective non-dischargeable support obligations in the amounts that were outstanding when their respective Chapter 13 cases were commenced. Creditor concedes that some of the pre-petition support debt in each case may not be entitled to priority under § 507(a)(7), but Debtors are nevertheless treating all non-dischargeable pre-petition support debt as if it were entitled to priority status, and there has been no objection to such treatment by the Chapter 13 trustee or by any creditor.

Debtors cite § 1322(a)(2), which provides that a Chapter 13 plan must:

provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim . . . .

Debtors point out that this section does not define "full payment" to include payment of interest. They also note that the language of this section differs from that of § 1129(a)(9)(B)(i) and § 1129(a)(9)(C) concerning priority claims in Chapter 11 cases, which refer to "deferred cash payments of a value, as of the effective date of the plan, equal to the allowed amount of such claim"—Chapter 11 permits priority claims to be paid over time (as does Chapter 13) but requires that the amount ultimately paid reflect the claims' *present value* (as Chapter 13 does not), which necessarily means that some amount in addition to principal (*i.e.*, interest) must be paid in order to compensate the creditor

---

1. Except as otherwise noted, all statutory references are to Title 11, United States Code (11 U.S.C., the Bankruptcy Code), as amended in October 1994.

for delay in payment and make the future payment equivalent to a current payment. Debtors argue that, if Congress had intended for "full payment" under § 1322(a)(2) to include payment of post-petition interest, it either would have expressly said so, or would have referred to present value as it did in § 1129. Accordingly, Debtors contend, if they treat their non-dischargeable pre-petition support debts as priority debts, § 1322(a)(2) only requires "full payment" of such debts to the extent that they existed pre-petition and does not call for the payment of any post-petition interest. Debtors argue that, since § 1322(a)(2) does not require payment of post-petition interest on priority debts, full payment of the pre-petition amount of their support debts is all that is required to comply with § 1322(a)(2) and such compliance operates to discharge them of any obligation to pay post-petition interest on such debts, citing cases from other jurisdictions.

Creditor argues that there is a difference between what is required to confirm a Chapter 13 plan and what is required to discharge a debt. Creditor notes that § 1322(a)(2) is one of several criteria for confirmation of a plan, but contends that it does not affect the dischargeability of debts that are the basis of priority claims. Rather, dischargeability is governed by § 1328, which excepts support debts from discharge and makes no reference to whether a plan purports to pay such debts in full. Obviously, if a support debt *has* been paid in full by the time a Chapter 13 plan has been completed (including all accrued interest), no part of the debt will remain unpaid to be excepted from discharge, so the issue would be moot under such circumstances. In this case, however, Debtors do not propose to pay post-petition interest during the terms of their respective plans, so such interest will be outstanding when the plans are completed—Creditor's position is that such accrued and unpaid interest will remain owing after completion of the plans and will not be discharged under § 1328. Creditor cites *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964) (*"Bruning"*) and *In re Pardee*, 218 B.R. 916 (9th Cir. BAP 1998) (*"Pardee"*).

### III.

### *ANALYSIS*

In *Pardee*, the concurring opinion of Bankruptcy Judge Klein analyzes interest-bearing debts under Chapter 13 by dividing them into three categories.

The first category is priority debts that can be discharged in Chapter 13 but not in Chapter 7 (*i.e.*, debts for certain taxes). As priority debts, these must be paid in full through a Chapter 13 plan under § 1322(a)(2). Although such debts bear interest under non-bankruptcy law, § 1322(a)(2) does not require that such interest be paid through the plan, since the section does not refer to interest and does not call for payment of present value—in fact, *Bruning* and § 502 provide that a claim for post-petition interest on unsecured debt is not allowable against a bankruptcy estate, so an objection to a priority tax claim that included post-petition interest must be sustained as to interest. Under Chapter 7, priority tax debts are non-dischargeable and they therefore remain payable by the bankruptcy debtor post-discharge to any extent that they have not been paid by the Chapter 7 estate—since post-petition interest on priority tax debts does not constitute an allowable claim, it cannot be paid by a Chapter 7 estate and *Bruning* holds that such unpaid interest remains owing by the bankruptcy debtor post-discharge. The situation is different in Chapter 13, however, because § 1328 provides that priority tax debts are dischargeable—thus, although post-petition interest on priority tax debts does accrue, if it is not paid through the plan (as it need not be under § 1322(a)(2), § 502, and *Bruning*), the bankruptcy debtor is discharged of liability for unpaid post-petition interest.

The second category is priority debts that cannot be discharged in Chapter 13 (*i.e.*, debts for support). Just as with priority tax debts, these priority debts must be paid in full through a Chapter 13 plan under § 1322(a)(2).[2] Just as with priority tax debts, support debts bear interest under non-bankruptcy law but § 1322(a)(2) does not require that such interest be paid through the plan and a claim for post-petition interest on unsecured debt is not allowable against a bankruptcy estate under § 502 and *Bruning*. Unlike priority tax debts, however, support debts are not dischargeable in Chapter 13—therefore, any part of the debt that is not paid during the term of the plan and remains outstanding post-discharge (*e.g.*, post-petition interest) is not rendered unenforceable against the bankruptcy debtor by virtue of the Chapter 13 discharge.

The third category is non-priority debts that cannot be discharged in Chapter 13 (*i.e.*, debts for student loans, certain assigned debts for support, debts for injury caused by driving while intoxicated, and debts based an criminal restitution and fines). Because these debts are not entitled to priority, they need not be paid in full under § 1322(a)(2); further, post-petition interest on unsecured debts does not constitute an allowable claim against the estate under § 502 and *Bruning*. Because such debts are nondischargeable, any part of them that is not paid during the term of the plan and remains outstanding post-discharge (*e.g.*, post-petition interest and any unpaid principal) is not rendered unenforceable against the bankruptcy debtor by virtue of the Chapter 13 discharge.

▮ Judge Klein's analysis is logical and persuasive. It is based upon the unassailable premise that a debt entitled by non-bankruptcy law to bear interest continues to accrue interest until such time as it is either paid or discharged in bankruptcy. If an interest-bearing debt remains

partially unpaid and is never discharged in bankruptcy (*e.g.*, statutorily non-dischargeable debts such as taxes in Chapter 7 cases and student loans in all bankruptcy cases, and any debt in a dismissed Chapter 13 case), then any outstanding part of it remains owing. In order for a Chapter 13 debtor to be relieved of any part of a debt—whether it be a part consisting of post-petition interest or a part consisting of something else—it is necessary that the debt be dischargeable in the first place. Debts for taxes are dischargeable in Chapter 13, but debts for support are not— Debtors cite no authority that does not involve *dischargeable* tax debts, and the rationale of such cases does not apply to the liability of post-discharge Chapter 13 debtors for unpaid parts of *non-dischargeable* support debts.

The nub of the matter is that interest at contractual rates under nonbankruptcy law continues to accrue postpetition on all unsecured debt because, even though unmatured interest is not "allowed" by virtue of § 502(b)(9) and cannot be paid by a bankruptcy trustee, the statutory disallowance does not erase the non-bankruptcy obligation to pay interest. Rather, it is the bankruptcy discharge that eliminates the obligation. If the debt is not discharged (which can occur for a host of reasons ranging from denial of discharge to dismissal of case), then the obligation remains.

*Pardee*, at 927.

Debtors argue that it is unfair to permit bankruptcy estates to avoid paying post-petition interest while leaving bankruptcy debtors exposed to non-dischargeable debts for such liabilities that were not paid by their estates. That is a strong policy argument, but the United States Supreme Court decreed such a result in *Bruning* 35 years ago and Congress has yet to alter the situation. Further, Chapter 13 debtors are not necessarily powerless to solve

---

**2.** As discussed above, portions of the support debts in these cases may not be entitled to priority status, but the Debtors are treating the debts in their respective cases as if the debts were entitled to priority.

the problem. For example, a Chapter 13 debtor could propose a plan calling for payment of post-petition interest as it accrued on a support debt and, if there were no objection and the plan met the confirmation requirements of § 1325 (*i.e.*, compliance with Chapter 13 and Title 11, good faith, feasibility, and paying unsecured creditors as much as they would receive in Chapter 7), the plan would be confirmable.[3] Or, a debtor's budget might provide for direct payment of post-petition interest on a pre-petition support debt being paid through the plan and, in the absence of objection, a plan meeting the confirmation requirements of § 1325 would be confirmable. Or, a debtor might file a claim on behalf of a support creditor as permitted under Rule 3004 of the Federal Rules of Bankruptcy Procedure and seek post-petition interest; if neither the debtor nor any other party in interest objected, the claim would be deemed allowed as filed pursuant to § 502(a). In any event, perceived unfairness of the statutory scheme is not a basis upon which this Court can refuse to apply the statute and Debtors have cited no applicable or persuasive authority in support of such a result.

## CONCLUSION

For the reasons set forth above, County's objections to confirmation of the Chapter 13 plans in each of these cases are sustained.

Counsel for creditor shall submit a form of order in each case so providing, after review by counsel by Debtors.

---

**3.** Even if there were an objection, § 1322(b)(1) permits unsecured creditors to be classified separately from each other so long as there is no unfair discrimination against any class. Given the public policy favoring support creditors and the unique nature of such debts, separate classification might be warranted under the circumstances of a particular case.