**In re Thomas and Judith MATUNAS, Debtors.**

**No. 96–36436(RTL).**

United States Bankruptcy Court, D. New Jersey.

July 12, 2001.

———

Robert J. Cleary, United States Attorney, District of New Jersey, Robert Saal, Special Assistant, United States Attorney, Newark, NJ, for the United States of America.

W. Peter Ragan, Jr., Esq., Ragan & Ragan, PC, Wall, NJ, for Debtors.

## *OPINION*

RAYMOND T. LYONS, Bankruptcy Judge.

This matter arises out of a motion made by the United States of America, Department of Treasury ("IRS") which asks the court to reconsider its decision that the IRS is precluded from "seeking to collect taxes in addition to those set forth in the stipulation agreement." *In re Matunas*, 261 B.R. 129 (Bankr.D.N.J.2001).

The IRS asks the court to change the classification of the debtor's payment in excess of the liability covered by the stipulation agreement from a refund to an overpayment. They ask for this clarification so that the excess money can be put toward a liability still owed by the individuals for post-petition interest. The question is whether the stipulation agreement bars the IRS from making a later claim against the individuals, apart from their estate in bankruptcy, for interest on priority taxes for the period beginning at the filing of the bankruptcy petition through the date of confirmation of the plan of reorganization.

This court has jurisdiction under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and (b)(1), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 referring all cases under Title 11 of the United States Code to the bankruptcy court. Additionally, this is a core proceeding that can be heard and determined by a bankruptcy judge under 28 U.S.C. § 157(b)(2)(B).

After reconsidering the issue, this court concludes that the IRS is not barred from bringing a claim against the individual for post-petition interest even though a stipulation agreement has previously been entered into. Because of this, the payment made by the debtors in excess of the liability covered by the stipulation agreement can be considered an overpayment and can be put toward payment of the remaining post-petition interest liability.

### FACTS

The debtors, Thomas and Judith Matunas, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 9, 1996. The purpose of the debtors' filing was to resolve outstanding issues with the IRS regarding the amount of secured and unsecured tax claims. The debtors' first amended plan was confirmed on July 13, 1999. This plan provided that the IRS' priority and secured claims would be paid in full while its general unsecured claim would not be paid.

After the plan was confirmed, the debtors entered into negotiations with the IRS to agree upon the amount of pre-petition taxes and a payment schedule. The result of these negotiations was a stipulation agreement supplementing the debtors' plan of reorganization. Specifically, the stipulation agreement addressed outstanding tax liabilities for the years 1993–1995 and determined that the IRS had a secured claim against the debtors in the amount of $188,577.99 which would be paid in full, with statutory interest, within ten years of confirmation of the debtors' plan of reorganization, in equal quarterly installments. The stipulation also provided that the IRS had an unsecured priority tax claim against the debtors in the amount of $41,434.46, which would be paid in full with statutory interest computed from the date of confirmation of the plan of reorganization, within six years of the dates of assessment. Thus, the total amount of the IRS' secured and unsecured priority claims was $230,012.45.[1] The stipulation acknowledged that the debtors' plan made no provision for the payment of the IRS' unsecured general claims. The stipulation agreement was filed on October 12, 1999.

On October 21, 1999 the IRS retained the debtors' tax refund in the amount of $63,936.00. On October 30, 1999 the debtors forwarded to the IRS their state tax refund in the amount of $14,717.00. On June 19, 2000, the debtors sold their house and the IRS received the sale proceeds in the amount of $185,927.83. Thus, the debtors paid the IRS $264,580.83 within

1. These figures were taken from an IRS proof of claim dated April 9, 1999.

one year of the confirmation date, an amount that exceeded the agreed upon stipulation figure by $34,568.38 (not including post-confirmation interest).

On September 28, 2000, debtors' counsel filed a motion to re-open the case to enforce the chapter 11 plan upon the IRS. The IRS responded and acknowledged that the debtors were due a refund for $20,348.67. The debtor and the IRS later agreed that the IRS would provide a refund to the debtors in the amount of $20,348.17 and that the IRS would release all of the liens upon the debtors' property. On October 20, 2000, the debtors notified the court that the motion was resolved and that a consent order would be submitted. The debtors' attorney drafted a proposed consent order and sent it to the IRS's attorney; however, the consent order was not signed. Instead, on November 3, 2000, the IRS advised the debtors' counsel that a new issue had arisen with respect to the credit balance—namely, the IRS had failed to include the tax liability for the year 1993 in its proof of claim, which formed the basis for the stipulation agreement.

On April 16, 2001, this court entered an opinion stating that the stipulation agreement permanently fixed the pre-confirmation tax liability owed to the IRS. Therefore, the IRS was barred ·through the doctrine of res judicata from relitigating claims based on the time periods covered by the agreement. *Matunas,* 261 B.R. at 129. Consequently, the IRS was ordered to provide a refund to the debtors in the amount of $20,348.17. On April 24, 2001, the IRS filed the motion for reconsideration that is the subject of this opinion.

The IRS filed the motion because they claimed that a clarification was needed with respect to the first opinion. This clarification dealt with the classification of the excess amount paid by the debtors. The IRS wanted it to be changed from a "refund" to an "overpayment" so that the excess money could be used to offset outstanding liabilities owed by the debtors. The IRS claimed that the debtors still had an outstanding debt of $24,181.87.

The IRS calculated the remaining debt as follows:

| | |
|---|---|
| 1994 post-petition/pre-confirmation interest | $ 3,513.73 |
| 1995 post-petition/pre-confirmation interest | $ 9,295.13 |
| Penalties on 1994 and 1995 priority claims plus interest | $11,373.01 |
| Total | $24,181.87 |

The IRS claimed that the clarification was needed so that $19,778.17 of the "overpayment" could be used to offset the remaining $24,181.87.

### DISCUSSION ·

■ Post-petition interest on an unpaid tax debt not discharged by the bankruptcy proceedings remains, after bankruptcy, a personal liability of the debtor. *Bruning v. United States,* 376 U.S. 358, 363, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964); *see also Simonson v. Granquist,* 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557 (1962) (pre-petition penalties are recoverable against individuals). In *Bruning,* the Court held that even though the point of bankruptcy proceedings is to give the debtor a fresh start, some problems override the value of such a goal. Of these problems, financing the Government remains a top priority. *Id.* at 361, 84 S.Ct. 906. To this end, "Congress clearly intended that personal liability for unpaid tax debts survive bankruptcy." *Id.*

The Court in *Bruning* reasoned that since the debtor remained personally liable for the unpaid tax debts and the pre-petition interest on those debts, it would only be reasonable to also hold the debtor personally liable for the interest that accrues on those debts after the petition was filed. *Id.* at 360, 84 S.Ct. 906. "[L]ogic and reason indicate that post-petition interest on a tax claim excepted from discharge by Section 17 of the Act should be

recoverable in a later action against the debtor personally, and there is no evidence of any congressional intent to the contrary." *Id.* A creditor cannot claim post-petition interest against the bankruptcy estate because it could prove to be unfair to the other competing creditors and it could provide for an administrative inconvenience. *Id.* at 362, 84 S.Ct. 906. However, the Court noted that these reasons are not present when a creditor seeks to recover this interest against the individual from assets acquired after the proceedings have completed. *Id.*

The United States Court of Appeal for the Third Circuit has adopted the *Bruning* holding, also allowing the Government to collect post-petition, pre-confirmation interest from the individual after the conclusion of the bankruptcy proceedings. *Hugh H. Eby Co. v. United States,* 456 F.2d 923 (3d Cir.1972); *see also In re Becker's Motor Transp. Inc.,* 632 F.2d 242 (3d Cir. 1980). In *Eby,* the debtors attempted to distinguish their case from *Bruning* by pointing out that they paid their debt in full at the time of the conclusion of their bankruptcy proceedings and that the interest they paid pertained only to the post-petition/pre-confirmation period rather than just post-petition in general. *Id.* at 925.

The court noted that even though the underlying taxes were paid in full it still did not "affect the fact that [the taxpayer] had the use of the Government's money during the pendency of the reorganization proceeding." *Id.* at 925. The court then stated that "since the underlying debt is not discharged by operation of the Bankruptcy Act, neither is the interest which accrues by reason of the use of such money during the pendency of the proceedings." *Id.* Furthermore, the court recognized that since *Bruning* allowed for recovery for all post-petition interest, it would only logically follow that the Government could recover interest for a small portion of the time after petition. *Id.*

The policies of *Bruning* have survived the enactment of the 1978 Bankruptcy Code. *In re Hanna,* 872 F.2d 829 (8th Cir.1989); *see also In re Jaylaw Drug, Inc.,* 621 F.2d 524 (2d Cir.1980). In *Hanna,* the United States Court of Appeal for the Eighth Circuit noted that the language of the Code is consistent with *Bruning* and that post-petition interest and penalties are still nondischargeable. *Id.* at 831. In *Hanna,* the bankruptcy court that originally heard the case held that *Bruning* was inapplicable under the new Code and that post-petition interest on a tax liability is dischargeable. *Id.* at 830. That court based its decision on the "fresh start" language of § 502(b)(2)[2] of the Code. *Id.* However, the Eighth Circuit examined that language as well as the language of § 523(a)(1)[3] to determine that the end result is similar to the decision reached in

---

**2.** 11 U.S.C. § 502 states, in relevant part:

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

(2) such claim is for unmatured interest;

**3.** 11 U.S.C. § 523 states, in relevant part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, if required—

(i) was not filed; or

*Bruning.* The court indicated that post-petition interest cannot be claimed during the bankruptcy proceedings, but it can still be recovered from the individual after the proceedings. *Id.*

■ In the case at bar, the IRS is asking the debtors for interest that has accumulated on their tax debts for the period between the petition date and plan confirmation. The tax debts for the years 1993–1995 are nondischargeable in this case; therefore, they survive the proceedings. Furthermore, as *Bruning* indicates and *Eby* and *Hanna* reiterate, interest may accumulate on nondischargeable tax debts after a petition is filed. However, this interest cannot be claimed in the bankruptcy proceedings. As the Court in *Bruning* indicated, if creditors are permitted to include unmatured interest in their claims, it could result in administrative inconveniences and in unfairness to other creditors.

Since the interest cannot be accounted for with respect to the bankruptcy estate, the creditor must bring an action against the individual to recover on this liability. That is precisely what the IRS is attempting to do in this case. The debtors overpaid the stipulated pre-petition secured and priority taxes by and amount of $20,348.67. This court previously held that the IRS should give the debtors a refund in this amount. *Matunas*, 261 B.R. at 130.

■ However, after reconsidering the issue and the IRS's argument, this court finds that it is more accurate to consider the excess amount to be an overpayment, rather than a refund, so that it could be put toward the post-petition/pre-confirmation interest that is still outstanding. The case law is unequivocal, indicating that the

IRS has a right to make a claim against the individual for interest that has accumulated between the petition and the confirmation. Because of this, it is possible that the debtors personally have outstanding debts that must be satisfied. Therefore, this court holds that the payment made by the debtors in excess of the stipulation amount is an overpayment and can be used to pay off part of the post-petition interest debt that the debtors owe as individuals.

The final outcome of this decision may seem to contradict what chapter 11 of the Bankruptcy Code is meant to accomplish. A plan of reorganization must provide for payment in full of priority tax claims. 11 U.S.C. § 1129(a)(9)(C). An individual who completes payment of his priority taxes under a plan reasonably expects his obligations to have been satisfied. Unfortunately, the case law says otherwise. Post-petition, pre-confirmation interest on priority tax debts will be recoverable against the individual after the proceedings have concluded. *Bruning,* 376 U.S. at 363, 84 S.Ct. 906.

### *CONCLUSION*

The IRS's claim for interest on priority taxes which accrued after the bankruptcy petition was filed, but before confirmation, is not allowable as a claim against the estate but remains a nondischargeable obligation of the individual debtor. Therefore, the excess money paid by the debtors under their plan should be characterized as an overpayment rather than as a refund and can be offset against the remaining debt owed by the debtors as individuals for the post-petition interest.

---

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two

years before the date of the filing of the petition