In re Marc Jeffrey **PAYNE**, Debtor.

No. 99–42738–7.

United States Bankruptcy Court,
D. Kansas.

Jan. 27, 2003.

Eric D. Bruce, Bruce, Bruce & Lehman LLC, Wichita, KS, for debtor.

Anne Norris Graham, Tax Division, U.S. Department of Justice, Washington, DC, for creditor.

Darcy D. Williamson, Topeka, KS, Chapter 7 Trustee.

## ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT

JAMES A. PUSATERI, Bankruptcy Judge.

This matter is before the Court *sua sponte.* It has come to the Court's attention that the parties may be waiting for a ruling on a summary judgment motion that the United States filed last September, even though an order has been filed that indicates the Court's ruling on the issue presented by the motion. The United States appeared by Anne Norris Graham, Trial Attorney, Tax Division, U.S. Department of Justice. The debtor appeared by counsel Eric D. Bruce.

This matter began when the debtor objected to the IRS's claim, complaining that no postpetition interest or penalties should be allowed on it. In response, the IRS agreed that no postpetition penalties should be assessed, but contended that it is entitled to postpetition interest on the claim and that the interest is nondischargeable. Eventually, on September 20, the IRS filed a motion for summary judgment. In the meantime, the IRS also objected to the chapter 7 trustee's proposed final report; at a hearing on October 9, the Court sustained that objection. Then on October 29, the debtor's objection to the IRS's claim came up for hearing, but neither the debtor nor the IRS appeared. The Court was not aware of the summary judgment motion at that time. The trustee did appear at the hearing, and advised that she had submitted an amended final report to the U.S. Trustee. The

Court informed the trustee that it was denying the debtor's objection to the IRS's claim, and she prepared an order to that effect. The Court signed the order and it was filed on November 19.

Meanwhile, the debtor filed an untimely response to the IRS's summary judgment motion on November 4.[1] On November 21, the IRS filed a reply. Given the timing of these events, the Court was uncertain whether the parties consider the November 19 order to have resolved their dispute, and decided to enter this order.

■ In his initial objection to the IRS's claim, the debtor suggested that postpetition interest on the claim should be barred because the trustee had money on hand to pay the claim. Now, in his response to the IRS's summary judgment motion, the debtor instead argues that it is unfair to require him to pay postpetition interest on the claim because the interest accrued as a result of the IRS's improper setoff of a postpetition tax refund that was eventually reversed. Without actually alleging that the IRS violated the automatic stay, the debtor suggests that barring the IRS from collecting postpetition interest would be "in the nature of a penalty imposed under 11 USC 362 for a Stay violation." The Court believes the debtor's change of direction, coming in an untimely response to a summary judgment motion, is not a proper manner for seeking compensation for a violation of the automatic stay.

■ In *Bruning v. United States*,[2] a case under the Bankruptcy Act of 1898, the Supreme Court held that the unpaid portion of a nondischargeable prepetition tax claim plus postpetition interest on the claim survived a debtor's discharge in a liquidation bankruptcy case. Under the 1978 Bankruptcy Code, courts have continued to apply this ruling to tax claims in chapter 7 cases.[3] Recently, the Tenth Circuit ruled that *Bruning* also makes interest on priority tax claims that accrues postpetition but before a plan is confirmed nondischargeable in chapter 11 cases, even though the applicable provisions of the Code require a chapter 11 plan to provide for the payment of only prepetition and postconfirmation interest.[4] Based on this authority, the Court concludes that it must grant the IRS's motion for summary judgment.

IT IS SO ORDERED.

1. See D. Kan. Local Rule 6.1(e)(2) (giving party 20 days to respond to summary judgment motion); see also D. Kan. Local Rule 83.8.2 and D. Kan. Local Bankr.Rule 1001.1(a) (District court rules govern practice and procedure before bankruptcy court).

2. 376 U.S. 358, 360–63, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964).

3. See, e.g., Johnson v. IRS (In re Johnson), 146 F.3d 252 (5th Cir.1998); Hardee v. IRS (In re Hardee), 137 F.3d 337 (5th Cir.1998); Burns v. United States (In re Burns), 887 F.2d 1541 (11th Cir.1989); Hanna v. United States (In re Hanna), 872 F.2d 829 (8th Cir.1989).

4. In re Tuttle, 291 F.3d 1238 (10th Cir.2002).