**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: WASHINGTON GROUP INTERNATIONAL, INC., <hr> GROUND IMPROVEMENT TECHNIQUES, INC., <br><br> Petitioner - Appellee, <br><br> v. <br><br> THE PLAN COMMITTEE, <br><br> Respondent - Appellant, <br><br> and <br><br> WASHINGTON GROUP INTERNATIONAL, INC., FIREMAN'S FUND INSURANCE COMPANY, <br><br> Respondents. | No. 11-17447 <br><br> D.C. No. 3:10-cv-00785-ECR-WGC <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted May 17, 2013
San Francisco, California

Before: McKEOWN and WATFORD, Circuit Judges, and ZILLY, Senior District Judge.[**]

In litigation between the Department of Energy's ("DOE") contractor, Washington Group International, Inc. ("WGI"), and its subcontractor, Ground Improvement Techniques, Inc. ("GIT"), GIT was awarded a judgment against WGI that included post-judgment interest, which continued to accrue after WGI filed for bankruptcy. The Plan Committee, a fiduciary to the Class 7 claimants in WGI's bankruptcy proceeding, now appeals the district court's order reversing the bankruptcy court and directing that GIT may collect post-petition interest from the DOE. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. Reviewing de novo, *In re AFI Holding, Inc.*, 525 F.3d 700, 702 (9th Cir. 2008), we affirm.

The Bankruptcy Code's prohibition on claims for "unmatured interest" under 11 U.S.C. § 502(b)(2) shields the bankruptcy estate but does not protect non-debtor third parties from post-petition interest. *See* 11 U.S.C. § 524(e). In *Bruning v. United States*, 376 U.S. 358, 362 (1964), the Supreme Court explained that "[t]he basic reasons for the rule denying post-petition interest as a claim against the

---

[**]    The Honorable Thomas S. Zilly, Senior District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

bankruptcy estate are the avoidance of unfairness as between competing creditors and the avoidance of administrative inconvenience." We agree with the district court that neither of these reasons is implicated when post-petition interest is collected from a non-debtor third party who is derivatively responsible for the obligations of the debtor.

Here, GIT's collection of post-petition interest from the DOE does no harm to WGI's other creditors and results in no additional administrative inconvenience to WGI's estate. We are persuaded by the district court's analysis that the mere possibility of GIT making a claim against WGI's estate in the event that the DOE cannot or is unwilling to pay the full judgment is not enough to preclude GIT from collecting post-petition interest from the DOE. Because the prohibition against post-petition interest is merely a "rule of distribution" that does not change the "interest bearing quality" of a claim, *id.* at 362 n.4, § 502(b)(2) does not alter the liability of a non-debtor third party.

**AFFIRMED.**

FILED

JUN 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*In re Washington Group International, Inc.*, No. 11-17447

WATFORD, Circuit Judge, concurring:

The Plan Committee's principal concern is that, if GIT is unable to collect the full value of its claim from the DOE, GIT might return to the bankruptcy estate to seek payment of the deficiency, thereby effectively obtaining post-petition interest to the detriment of other creditors. While this is a valid concern, I agree with the district court that it does not affect the outcome here. GIT has conceded that it cannot collect post-petition interest from the estate. Thus, as the district court suggested, if GIT recovers $9,842,711.83 (the allowed amount of the GIT claim) or more from the DOE, GIT will be unable to seek further payment from the estate. If GIT recovers less than that amount, it may not allocate any portion of the DOE's payment to post-petition interest first in an effort to maximize recovery from the bankruptcy estate, because doing so would be an attempt to circumvent § 502(b)(2)'s bar on collection of post-petition interest from the estate. *See In re Nat'l Energy & Gas Transmission, Inc.*, 492 F.3d 297, 302–03 (4th Cir. 2007).