MEMORANDUM **
In litigation between the Department of Energy’s (“DOE”) contractor, Washington Group International, Inc. (“WGI”), and its subcontractor, Ground Improvement Techniques, Inc. (“GIT”), GIT was awarded a judgment against WGI that included post judgment interest, which continued to accrue after WGI filed for bankruptcy. The Plan Committee, a fiduciary to the Class 7 claimants in WGI’s bankruptcy proceeding, now appeals the district court’s order reversing the bankruptcy court and directing that GIT may collect post-petition interest from the DOE. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. Reviewing de novo, In re AFI Holding, Inc., 525 F.3d 700, 702 (9th Cir.2008), we affirm.
The Bankruptcy Code’s prohibition on claims for “unmatured interest” under 11 U.S.C. § 502(b)(2) shields the bankruptcy estate but does not protect non-debtor third parties from post-petition interest. See 11 U.S.C. § 524(e). In Bruning v. United States, 376 U.S. 358, 362, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), the Supreme Court explained that “[t]he basic reasons for the rule denying post-petition interest as a claim against the bankruptcy estate *651 are the avoidance of unfairness as between competing creditors and the avoidance of administrative inconvenience.” We agree with the district court that neither of these reasons is implicated when post-petition interest is collected from a non-debtor third party who is derivatively responsible for the obligations of the debtor.
Here, GIT’s collection of post-petition interest from the DOE does no harm to WGI’s other creditors and results in no additional administrative inconvenience to WGI’s estate. We are persuaded by the district court’s analysis that the mere possibility of GIT making a claim against WGI’s estate in the event that the DOE cannot or is unwilling to pay the full judgment is not enough to preclude GIT from collecting post-petition interest from the DOE. Because the prohibition against post-petition interest is merely a “rule of distribution” that does not change the “interest bearing quality” of a claim, id. at 362 n. 4, § 502(b)(2) does not alter the liability of a non-debtor third party.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.