IN RE: Gary T. INTERVAL and Barbara J. Interval, Debtors.

Gary T. Interval and Barbara J. Interval, Movants,

v.

Internal Revenue Service, Respondent.

Case No. 11–26840–GLT

United States Bankruptcy Court, W.D. Pennsylvania.

Signed March 7, 2016

Matthew M. Herron, The Debt Doctors at Quatrini Rafferty, Pittsburgh, PA, for Debtors.

## MEMORANDUM ORDER

GREGORY L. TADDONIO, UNITED STATES BANKRUPTCY JUDGE

This matter is before the Court upon the *Debtor's Motion for a Show Cause Order Compelling the Internal Revenue Service to Appear and Show Cause Why They Should Not Be Held in Contempt for Violation of the Discharge Order* and the response filed by the Internal Revenue Service (the "IRS").[1] The Court conducted a

---

1. Dkt. Nos. 183 and 189.

hearing to consider the motion and response on February 24, 2016.

The Debtors filed for protection under chapter 13 of the Bankruptcy Code on November 7, 2011 (the "Petition Date") for the purpose of addressing various tax obligations. During the case, the IRS filed an amended claim in the amount of $56,216.39 for unpaid income taxes accruing during the 2008–2011 tax years. The claim consisted of an unsecured priority claim of $50,036.86 for the underlying tax liability and prepetition interest, as well as an additional general unsecured claim of $6,179.53 for the penalties (and related interest) assessed on the unpaid taxes.

On August 5, 2014, the Court issued an Order confirming the Debtors' amended chapter 13 plan.[2] Under the confirmed plan, the IRS could expect full payment on its $8,800 administrative claim for the Debtors' postpetition 2012 income tax liability and an additional $50,036.86 on account of its priority claim. The plan did not provide for any postpetition interest on the IRS claim. The plan also directed that the general unsecured claim held by the IRS would share pro-rata in any distribution made available to the general unsecured creditors.

The Debtors were unable to complete their plan as originally contemplated. On November 30, 2015, they were granted a hardship discharge under 11 U.S.C. § 1328(b).[3] While concluding her administration of the case, the chapter 13 trustee filed her *Amended Final Report and Account* (the "Final Report") which detailed the distributions paid to the IRS during the bankruptcy case.[4] In all, the IRS received payments totaling $61,184.76 from the chapter 13 trustee. From that amount,

$50,036.86 was paid on account of the unsecured priority claim, $8,800 was disbursed on the administrative claim, and an additional $2,347.90 was paid as part of a 37.9% dividend to general unsecured creditors. An *Order* discharging both Debtors was issued on February 23, 2016 (the "Discharge Order").[5]

The Debtors thought they had satisfied all outstanding claims owed to the IRS because it received all payments contemplated under the confirmed plan. To the Debtors' surprise, the IRS did not share this view. In December 2015, the IRS issued several collection notices seeking payment of $9,078.76 attributable to the interest and penalties which accrued on the 2008–11 tax liabilities after the Petition Date. The IRS sent an additional letter in January 2016 indicating its intent to levy upon the Debtors' assets if the debt remained unpaid. In response, the Debtors filed the motion for contempt, contending that the actions of the IRS violate the discharge order because it seeks payment for prepetition tax liabilities that were discharged in the bankruptcy case. The IRS opposes the motion on the basis that the tax obligations were not fully discharged.

The parties agree to the material facts and the issue currently before the Court is quite narrow. There is no dispute that the Debtors satisfied all of the income tax liability assessed by the IRS as of the Petition Date. The controversy is whether the IRS is entitled to collect interest and penalties that accrued postpetition on their prepetition tax claims.

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157(b). This is a core proceeding under 28

2.  Dkt. No. 102.

3.  Dkt. No. 175.

4.  Dkt. No. 186.

5.  Dkt. No. 190.

U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. § 1409.

■ As a general rule, creditors are not entitled unmatured interest on their unsecured claims.[6] Moreover, a chapter 13 plan need not provide for postpetition interest on a priority tax claim to be confirmable.[7] Instead, the plan must only provide for "full payment, in deferred cash payments."[8] In this instance, the Debtors' plan was confirmed because it satisfied, among other requirements, the mandates of sections 502(b)(2), 1322(a)(2), and 1325. It provided for the full payment of the IRS priority claim but it did not allocate any funding for postpetition interest because it was not required to do so. The Debtors claim that since the IRS priority claim was appropriately addressed in the plan and was fully funded, it should be discharged.

■ Section 1328(a) of the Bankruptcy Code is the primary vehicle for obtaining a discharge in a chapter 13 bankruptcy case. It provides that upon the successful completion of a chapter 13 plan, the debtor is entitled to a discharge of "all debts provided for by the plan or disallowed under section 502[,]" subject to certain exceptions.[9] The federal income tax claims held by the IRS do not fit within these exceptions, rendering them subject to discharge under section 1328(a).

The Debtors did not receive a standard discharge under section 1328(a), however. Instead, they requested and obtained a hardship discharge under section 1328(b),

which yields a discharge considerably more narrow in scope. Indeed, section 1328(c) provides that claims which might otherwise be discharged under section 1328(a) are excluded from a hardship discharge:

A discharge granted under subsection (b) of this section discharges the debtor from all unsecured debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title; or

(2) of a kind specified in section 523(a) of this title.[10]

Because prepetition federal income tax claims entitled to priority under section 507(a)(8) fall within the ambit of claims described in section 523(a), they will not be discharged by section 1328(b) and may survive the bankruptcy proceeding.[11]

■ Since the underlying tax liability was not dischargeable in the bankruptcy, the Court is confronted with the question of whether interest and penalties which accrued on that debt can be collected by the IRS. The United States Supreme Court answered this question in the affirmative in *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), finding that interest and penalties accruing postpetition on nondischargeable tax debt remains the personal liability of the debtor after the bankruptcy.[12] Although *Bruning* was decided long before the enactment of the Bankruptcy Code,

6. 11 U.S.C. § 502(b)(2); *Leeper v. Pa. Higher Educ. Assistance Agency,* 49 F.3d 98 at 100–101 (3d Cir. 1995).

7. 11 U.S.C. § 1322(a)(2).

8. *Id.* Because section 1322(a)(2) does not require the creditor to receive value "as of the effective date" equal to the allowed amount of the claim, payment of postpetition interest is not required.

9. 11 U.S.C. § 1328(a).

10. 11 U.S.C. § 1328(c).

11. *See* 11 U.S.C. §§ 507(a)(8)(A) and 523(a).

12. *Bruning,* 376 U.S. at 363, 84 S.Ct. 906.

the Third Circuit Court of Appeals found that its holding remains applicable to cases arising under the Code.[13]

The Court must follow the established precedent. Because the income tax debt is nondischargeable under section 1328(c) of the Bankruptcy Code, the IRS is entitled to collect interest and penalties that accrued postpetition against the Debtors personally. Accordingly, the IRS did not violate the *Discharge Order* by pursuing the unpaid portion of its claims against the Debtors.

Without a discharge, the prepetition tax claims can only be extinguished upon proof that the debt was paid in full. The Debtors claim they satisfied the underlying tax liabilities, but the IRS maintains that additional interest and penalty obligations accrued while payments were made over the course of the five-year plan term. Based on the record before the Court, it is unclear how the IRS applied the payments it received from the chapter 13 trustee. It is therefore difficult to discern the extent to which additional amounts may be owed. For this reason, the Court finds that the Debtors are entitled to a full and accurate accounting of the outstanding tax liability beginning from the Petition Date and continuing through the present. The accounting should include an itemization of all interest and penalties charged to the Debtors, as well as a detailed listing of how all payments were allocated against the existing liabilities.

**AND NOW,** based upon the foregoing and for the reasons stated on the record at the February 24 hearing, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1. The motion is **DENIED.**

13. *Leeper,* 49 F.3d at 102 (applying the reasoning of Bruning to hold that the accrual of interest on a nondischargeable debt during

2. On or before **April 8, 2016,** the IRS shall provide to the Debtor a full and accurate accounting of all outstanding postpetition tax liability, including: (a) a statement demonstrating how all postpetition payments received by the IRS were applied to the Debtors' tax liabilities; and (b) a breakdown of all postpetition interest and penalties accruing on the unpaid tax liabilities.

3. The Debtors shall serve a copy of this *Order* on the IRS, counsel for the IRS, the chapter 13 trustee, and the United States Trustee, and shall file a certificate of service within three business days.

the pendency of a bankruptcy can be collected from the debtor personally upon conclusion of the case).